James W. Morando, CA Bar No. 87896
Deepak Gupta, CA Bar No. 226991
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: 415.954.4457
Facsimile: 415.954.4480
Email:  jmorando@fbm.com
Email:  dgupta@fbm.com

Catherine Ahlin-Halverson, CA Bar No. 209391
Alain M. Baudry, MN Bar No. 186685 (*Pro hac vice* application pending)
Keiko L. Sugisaka, MN Bar No. 266152 (*Pro hac vice* application pending)
Joseph P. Ceronsky, MN Bar No. 391059 (*Pro hac vice* application pending)
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Telephone: 612-672-8200
Facsimile: 612-672-8344
Email:  catherine.ahlin@maslon.com

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE, II, TONY ABENA, CHRIS KARLS, JOHN E. FLEMING, AND MUSIC.ME, LLC**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John | Case No: CV 13-04280 YGR/EDL |

| | |
|---|---|
| 1 | E. Fleming, Dan Frawley, Dave |
| 2 | |
| 3 | Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls |
| 4 | in their capacities as officers, agents and/or employees of Jingit LLC, |
| 5 | *Defendants in Negligence, and Aiding/Abetting*; |
| 6 | |
| 7 | Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, |
| 8 | *Defendants in Negligence Secondary-Vicarious Infringement*, |
| 9 | Defendants. |

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION WITH INDIEZONE, INC., DISMISS PLAINTIFF EOBUY, LIMITED AND STAY ALL REMAINING PROCEEDINGS

The Motion of Defendants Rooke and Rogness to Compel Arbitration with Indiezone, Inc., Dismiss Plaintiff eoBuy, Limited and Motion of Remaining Defendants to Stay all Remaining Proceedings came on for hearing on Tuesday, February 18, 2014, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court.

Having reviewed the papers and pleadings submitted by the parties and having heard oral argument of counsel, and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1. Defendants Todd Rooke and Joe Rogness' Motion to Compel Arbitration with Indiezone, Inc. is GRANTED. The Court finds that Rooke and Rogness are parties to binding employee agreements with Indiezone. Each agreement contains an arbitration clause that requires "mandatory and exclusive binding arbitration of any controversy or claim arising out of, or relating to, this Agreement or any breach hereof…." (ECF __, Declaration of Todd Rooke, Ex. A, ¶ 7; ECF __, Declaration of Joe Rogness, Ex. A, ¶ 7.) The allegations in Plaintiffs' own complaint leave no doubt that every claim asserted by Indiezone against Rooke and Rogness "arise out of" or "relate to" the employee agreements. Every count in the Complaint relies on the allegation that Rooke and

Rogness misappropriated Indiezone's intellectual property, (Compl. ¶¶ 266-492) Indiezone specifically alleges this misappropriation violated Rooke and Rogness' employee agreements. (*see, e.g.,* Compl. ¶¶ 116-21, 148-53, 160-62, 169-74, 180-82, 452-55). Given the strong federal policy in favor of arbitration and the requirement that all doubts be resolved in favor of arbitration, *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 836 (N.D. Cal. 2013), all of the claims asserted by Indiezone against Rooke and Rogness are therefore arbitrable.

2. Defendants' Motion to Dismiss eoBuy, Limited is GRANTED. EoBuy admits it is an Irish corporation. The Court can take judicial notice that according to the public records of Ireland's Registrar of Companies eoBuy was dissolved as of April 4, 2008. *Fuller-O'Brien, Inc.*, No. 11-cv-05142, 2013 U.S. Dist. LEXIS 60912, at *4 n.2 (N.D. Cal. Apr. 26, 2013) (taking judicial notice of public record showing dissolution of company and granting Rule 12(b)(6) motion to dismiss). Under Irish law, a dissolved corporation has no legal existence and may no longer carry on business, enter into contracts or participate in litigation. (ECF ___, Declaration of Brian Walker ¶¶ 5-9, Exs. A & B) If a foreign corporation lacks capacity to sue under the law of the country in which it was organized, a United States District Court shall dismiss it from the case. *See Alosio v. Iranian Shipping Lines, S.A.*, 426 F. Supp. 687, 690 (S.D.N.Y. 1976) (dismissing corporation for lack of capacity to sue because it was dissolved under Iranian law).

3. The Motion of the all moving Defendants other than Rocke and Rogness to stay this litigation pending the outcome of the Indiezone, Rooke and Rogness arbitration is GRANTED. The Federal Arbitration Act directs that district courts, after compelling arbitration, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. A court may additionally stay remaining claims between parties not subject to the arbitration agreement. *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 917 (N.D. Cal. 2011). "'In deciding whether to stay non-arbitrable claims, a court considers

economy and efficiency, the similarity of the issues of law and fact to those that will be considered during arbitration, and the potential for inconsistent findings absent a stay.'" *Randhawa v. Skylux, Inc.*, No. 2:09-2304, 2010 U.S. Dist. LEXIS 113131, at *9 (E.D. Cal. Oct. 15, 2010) (quoting *Wolf v. Langemeier*, No. 2:09-CV-03086, 2010 U.S. Dist. LEXIS 87017, at *22 (E.D. Cal. Aug. 24, 2010)).

Here, each of these factors weigh strongly in favor of a stay.  Every claim against every defendant rests on the central allegation that Plaintiffs' intellectual property was misappropriated, an issue which is subject to mandatory arbitration.  Rulings made in the arbitration clearly have the potential to simplify the rulings here with respect to the claims against the other defendants besides Rooke and Rogness.  *Copytele, Inc. v. AU Optronics Corp.*, No. C-13-0380, 2013 U.S. Dist. LEXIS 95645, at *7 (N.D. Cal. July 9, 2013); *see also Souza v. Great Am. Ins. Co.*, No. 13-cv-03361, 2013 U.S. Dist. LEXIS 144913, at *23-24 (N.D. Cal. Oct. 7, 2013) (staying claims against non-signatory "comports with judicial economy and consistency because the [non-signatory]'s liability was dependent upon the liability of the [signatory], and absent a stay, the parties would be litigating and arbitrating substantially the same issues.")  No. C-13-0380, 2013 U.S. Dist. LEXIS 95645, at *7 (N.D. Cal. July 9, 2013). Plaintiffs' counsel has acknowledged that many of the Defendants other than Rooke and Rogness are "nominal" defendants   only. Plaintiffs' counsel himself explains these Defendants have not been served "for the reason that the forgoing defendants are nominal as to the claims of the Complaint." (Attorney's Declaration in Support the Motion For An Extension of Time to Serve and File Proof of Service Over the Defendants Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1- through 10, ECF 20, ¶ 4.) For purposes of economy and judicial efficiency, it makes little sense to permit claims against nominal defendants to go forward until after the completion of the arbitration, when the alleged liability of the nominal defendants depends on Plaintiffs successfully obtaining an arbitration award confirming that their intellectual property was

PROPOSED ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL ARBITRATION - Case No:
CV 13-04280 YGR/EDL

misappropriated. Thus this litigation is stayed pending the outcome of the arbitration between Indiezone, Rooke and Rogness.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:_____          _____
                                         Hon. Yvonne Gonzalez Rogers