1    contributory trademark infringement in violation of federal law and the common law of

2    the State of California.

3        397.   The actions of ***RICO Defendants*** if not enjoined, will continue. Plaintiffs have

4    suffered and continue to suffer damages in an amount to be proven at trial consisting of, among

5    other things, diminution in the value of the trade-dress and **AdEngine** methods and goodwill

6    associated with the **Music. Me** trade mark, and injury to Plaintiff's business and **Property.**

7        398.   By reason of, and but for the foregoing, the ***RICO Defendants*** actions have been

8    illegal willful and outrageous and undertaken with reckless indifference to the rights of Plaintiffs,

9    and as such Plaintiffs are entitled to an award of punitive or exemplary damages to be determined

10   by a jury.

11   **Vicarious Trademark Infringement**

12       399.   ***RICO Defendants'*** actions described above and the use of the ***Jingit Enterprise***

13   ***Entities*** specifically, without limitation, **Jingit Holding, Jingit LLC.,** and **Jingit Financial** and

14   **US Bank** in the unauthorized use of the trade-dress of **Indiezone,** together with the unauthorized

15   use of the **Music.Me** trademark, and other confusingly similar variations thereof, in commerce to

16   advertise, market, and sell **Jingit.com** memberships for participation in merchant-consumer

17   engagement  via the unauthorized use of the **AdEngine** throughout the United States and

18   California; in violation of federal law and the common law of the State of California.

19       400.   The ***RICO Defendants*** each have the ability to control the actions of each

20   Defendant and by licensing the advertising activities for the merchant Defendants Wal-Mart-

21   General Electric Target DOE(s) and ROE(s) 1-10, they have derived a direct financial benefit

22   from the illegal acts of the said Defendants.

23       401.   The actions of the ***RICO Defendants*** and each other Defendant, if not enjoined,

24   will continue. Plaintiffs have suffered and continue to suffer damages in an amount to be proven

25   at trial consisting of, among other things, diminution in the value of and goodwill associated with

26   the **Muise.Me** trademark, and injury to Plaintiff's business and **Property.**

27       402.   By reason of, and but for the foregoing, the ***RICO Defendants*** actions have

28   been illegal willful and outrageous and undertaken with reckless indifference to the rights of

- 82 -

Complaint

1   Plaintiffs, and as such Plaintiffs are entitled to an award of punitive or exemplary damages

2   to be determined by a jury.

3                                   **Count XV.**

4              **Unfair Competition - Cal. Bus. & Prof. Code § 17500**

5                *(Against all RICO Defendants, Jingit LLC and Music. Me)* *

6       403.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations

7   of paragraphs numbered "1" through "402" above of this Complaint as though fully set

8   forth here and again.

9       404.   Defendants have engaged in unlawful business acts or practices by committing

10  acts including misappropriation of confidential information computer fraud, trespass, breach

11  of contract, interference with business relationships, and other illegal acts and practices as

12  alleged above, all in an effort to gain unfair competitive advantage over Plaintiffs.

13      405.   These unlawful business acts or practices were committed pursuant to business

14  activity related to Plaintiffs' IP and related support and maintenance for that software and

15  Plaintiff unique processes.

16      406.   The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair

17  competition as defined by California Bus. & Prof. Code §§ 17500, et seq.

18      407.   Defendants' conduct constitutes violations of numerous state and federal statutes

19  and codes, including, but not limited to, violation of the Computer Fraud and Abuse Act, 18

20  U.S.C. §§ 1030 et seq., receipt of stolen property, Cal. Penal Code § 496, unauthorized access to

21  computers, Cal. Penal Code § 502, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. §

22  1962, fraud and related activity in connection with an access device, 18 U.S.C. § 1029, and

23  violation of the Stored Communications Act, 18 U.S.C. §§ 2701.

24      408.   Defendants' conduct also constitutes trespass to chattels, intentional

25  interference with prospective economic advantage, negligent interference with prospective

26  economic advantage, and unjust enrichment.

27      409.   Defendants have improperly and unlawfully taken commercial advantage of

28  Plaintiffs confidential, proprietary, and copyrighted software their support materials, the

                                   - 83 -

Complaint

1    underlying processes and applications. In light of Defendants' conduct, it would be

2    inequitable to allow Defendants to retain the benefit of the funds obtained though the

3    unauthorized and unlawful use of that property.

4        410.   Defendants' unfair business practices have unjustly minimized competitive

5    Plaintiffs' advantages and have caused and are causing Plaintiff's to suffer damages.

6        411.   By reason of such unfair competition, Plaintiffs have also suffered irreparable

7    injury and, unless Defendants are enjoined from such unfair competition, will continue to

8    suffer irreparable injury, whereby Plaintiffs have no adequate remedy at law.

9        412.   Defendants should be compelled to disgorge and/or restore any and all

10   revenues, earnings, profits, compensation, and benefits they may have obtained in violation

11   of California Business & Professions Code § 17200 et seq., including, but not limited to,

12   returning any revenue earned from the unlawful and unfair use of Plaintiffs' stolen property,

13   and should be enjoined from further unlawful, unfair, and deceptive business practices.

14

15                            **Count XVI.**
                   **Computer Data Access and Fraud Act**
16                   **Cal. Penal Codes §§ 496 and  502**
                   ***( RICO Defendants Rooke and Rogness)***
17

18       413.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations

19   of paragraphs numbered "1"  through "412" above  of this Complaint as though fully set

20   forth here and again.

21   **Misappropriation of Confidential Information:**

22       414.   Defendants **Rooke** and **Rogness** have violated California Penal Codes  §§496

23   and 502(c)(2) by willfully, intentionally, knowingly and fraudulently, without permission

24   exceeding their former right of access and by taking, copying-possessing, deleting in excess

25   20,000 corporate e-mails,  while making use of programs, data, and files from Plaintiffs'

26   Server computer system, and/or computer networks-Server.

27       415.   Plaintiffs are the exclusive owners of said data comprising Plaintiffs' **IP** and

28   support materials, and which has been illegally obtained by Defendants as alleged above.

                            – 84 –

Complaint

**Damages:**

416.  By reason of and as a result of the acts Defendants **Rooke** and **Rogness** as a direct and proximate result of their unlawful conduct within the meaning of California Penal Code §§496 and 502. Defendants **Rooke** and **Rogness** have caused damage to Plaintiffs in an amount to be proven at trial.- Plaintiffs are also entitled to recover their reasonable attorneys' fees pursuant to California Penal Codes§§ 496 and  502(e).

**Punitive Damages:**

417.  Plaintiffs are informed and believe that the aforementioned acts of the Defendants **Rooke** and **Rogness** were willful and malicious in that the acts described above were done with the deliberate intent to injure Plaintiffs business and advance the business of the *Jingit Enterprise* and their own wealth while willfully, intentionally and knowingly causing harm to Plaintiffs business and **Property**.  Plaintiffs are therefore entitled to punitive damages.

**Injunctive Relief:**

418.  Plaintiffs have also suffered irreparable injury from these acts, and due to the continuing threat of such injury, have no adequate remedy at law, entitling-them to injunctive relief.

**Count XVII.**
**Fraud-Misrepresentation**
***(RICO Defendants Rooke and Rogness)***

419.  Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "418" above of this Complaint as though fully set forth here and again.

420.  At all times relevant hereto, *RICO Defendants* **Rooke and Rogness** jointly and/or severally  were and are unlawfully in possession of Plaintiffs' **IP** with a stated valuation of $1,300,000,000 US Dollars  and have through the *Jingit Enterprise Entities* willfully and fraudulently converted Plaintiffs **IP** and are unlawfully-falsely holding themselves out to the public and others claiming that they are the owners of the

Complaint

1    Plaintiffs' **IP** and have the right to use said **IP** in the and conduct the affairs and business of

2    the *Jingit Enterprise Entities* while in the district of this Court and throughout the world, to

3    the detriment and loss of Plaintiffs in their business and Property.

4         421. At all times relevant hereto, the **RICO Defendants Rooke** and **Rogness** jointly

5    and/or severally were and are acting as an *association-in-fact* and have unlawfully-

6    fraudulently invested/taken possession and control of the **IP** to the detriment and loss of

7    Plaintiffs **coBuy** and **Indiezone**.

8         422. In performance of the Scheme and fraudulent inducement of Plaintiffs, so as to

9    cause them to allow **RICO Defendants Rooke** and **Rogness** to remain in their employment

10   past their demand for a new equity distribution so as to provide them the opportunity to further

11   infringe or otherwise misappropriate Plaintiffs **IP** and then enter into a release Agreements not

12   to compete on multiple occasions as described heretofore and at above, and thereafter the

13   **RICO Defendants Rooke** and **Rogness** in each stage of the fraudulent Scheme did

14   telephonically and/or electronically falsely stated to Plaintiffs claims of loyalty and temporary

15   employment which **RICO Defendants Rooke** and **Rogness** knew were false-misleading when

16   uttered and intended to induce Plaintiffs' reliance on in their consent-agreement to allow them

17   to temporarily leave their employ without a turnover of the **IP,** wherein Plaintiff relied on their

18   statements to their detriment.

19        423. The **RICO Defendants** make the foregoing statements in violation of their

20   Agreements, fiduciary and common law duties, fully knowing that each statement was a

21   fraudulent, misrepresented which omitted material information so as to make them true.

22        424. The **RICO Defendants Rooke** and **Rogness** knowingly and intentionally made

23   false and material misrepresentations and omissions, participated in the fraudulent Scheme as

24   set forth above, to induce to Plaintiffs to enter into a release agreement form their employment

25   in the furtherance of the Scheme to them and injure them in their business and property.

26        425. The false statements, acts, misrepresentations, and material omissions of the

27   **RICO Defendants Rooke** and **Rogness** as set forth above were designed and served to create

28

Complaint

and sustain a false reliance by Plaintiffs so as to create the appearance of their continuing activities and business operations.

426. The **RICO Defendants Rooke** and **Rogness** knew or were willful and reckless in knowing of the material omissions and representations referred to herein. Had this information been truthfully and completely disclosed, the **RICO Defendants Rooke** and **Rogness** would have been unable to consummate the Agreement and gain control of Plaintiff's **IP**.

427. The acts and omissions of the **RICO Defendants Rooke and Rogness** as set forth herein, constituted a Plan, Scheme and unlawful course of conduct that operated as a fraud and deceit on Plaintiffs, the purpose and effect of which was to induce Plaintiff to enter into the Agreement with the **RICO Defendants, Rooke** and **Rogness** while the **RICO Defendants** fraudulently and willfully planned to convert the Plaintiffs **IP**.

428. By reason of, and but for the foregoing, the **RICO Defendants** directly and indirectly committed fraud in that they: (a) employed devices, Schemes and artifices to defraud; (b) omitted/altered or failed to state material facts in the Agreement in order to make the Agreements-documents, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices in the course of business that operated as a fraud and deceit upon each Plaintiff.

429. By reason of the foregoing, a direct and proximate result of the **RICO Defendants' Rooke** and **Rogness** fraud, Plaintiffs have been damaged, including the loss of investments, loss of corporate opportunities for profit and the usurpation of those opportunities which has been caused to create the attendant profits to the **RICO Defendants Rooke** and **Rogness, Hazel, Ashkar, Jingit Holdings, Jingit Financial** and **Jingit LLC.**, causing losses to Plaintiffs in the conduct of the **Jingit Enterprise,** with the resulting injury to their businesses and property in the sum of $1,300,000,000 US Dollars by the **RICO Defendants** intentional and wrongful usurpation-destruction seizure of the Joint Venture funds-projects.

430. By reason of, and but for the foregoing, the **RICO Defendants** actions have been illegal willful and outrageous and undertaken with reckless indifference to the

1     rights of Plaintiffs, and as such Plaintiffs are entitled to an award of punitive or

2     exemplary damages to be determined by a jury.

**Count XVIII.**
**Intentional Interference With Prospective Economic Advantage**
*\*(All RICO Defendants)\**

6     431. Plaintiffs repeat, incorporate and otherwise allege by reference the

7     allegations of paragraphs numbered "1" through "430" above of this Complaint as

8     though fully set forth here and again.

9     432. Both **eoBuy** and **Indiezone** had a joint deployment and deployment

10     strategy and business expectancy in the secrecy of the **IP** created by way of their

11     combined unique, proprietary trade secrets and software processes and in continuing

12     advantageous economic relationships with retailers and merchandisers including, Mexi,

13     Wal-Mart, Kraft General Electric, Target and other prospective purchasers and

14     licensees of Plaintiffs' support services and us licenses for its software and trade

15     secrets.

16     433. These relationships contained the probability of future economic benefit in

17     the form of profitable support service contracts and enterprise software licenses. Had the

18     *RICO Defendants* refrained from engaging in the unlawful and wrongful affairs of the

19     *Jingit Enterprise* and activities through the conduct described in this complaint, there is

20     a substantial probability that the support customers of **eoBuy** and **Indiezone** would have

21     initiated licenses and continued to renew licenses with expanded support contracts

22     between their companies and Plaintiffs rather than with the *Jingit Enterprise* as

23     controlled by *RICO Defendants*.

24     **Intentional Interference:**

25     434. The *RICO Defendants* knew about these economic relationships as

26     established by the Plaintiffs' joint deployment strategies and agreements described

27     above, and knew that these relationships would be interfered with and disrupted when

28     the *RICO Defendants* intentionally accessed Plaintiffs' Server and used their knowledge

- 88 -

to sabotage the Server where they acted with disregard to their Agreements and fiduciary duties, and instead, they illegally:

- gained unauthorized access to Plaintiffs' Server systems into Plaintiffs' password-protected files in violation of the agreements governing such access;

- gained unauthorized access to the unique codes compellation and processes encoded into the software and support materials available on the Server systems through in violation of the agreements governing such access, including by using log in credentials with no right or license to the software and support materials taken and destroyed by the **RICO Defendants**;

- breached the agreements governing access to, and use of, the files and the software and support materials available through it;

- lured Plaintiffs current and prospective customers by making promotional and marketing videos and statements regarding false authorship and other false claims of ownership and otherwise provided access to the Public's use of the unique processes and trade secrets of Plaintiffs which was-were only made possible because of the **RICO Defendants'** improper access to, and taking from, Plaintiffs Server systems files intended to be maintained as secret;

- used information learned through the improper access to, and taking from the Server systems files intended to provide support services to the Plaintiffs' operation and used them in the affairs of the **Jingit Enterprise** for the financial gain of each **RICO Defendant** and,

Complaint

- gaining unauthorized access to Plaintiff **IP** and thereafter releasing the **IP** through deceptive representations to users customers, causing those customers to infringe on Plaintiffs property for a lack of license agreements with Plaintiffs, disseminating-distribution of the **IP** software hundreds and thousands of times onto unauthorized users systems, and using those copies for various improper purposes, including without limitation the unauthorized branding of Plaintiffs IP as the property of the *Jingit Enterprise.*

435. *RICO Defendants* conduct was wrongful by a measure beyond the fact of the interference itself. *RICO Defendants* gained unauthorized access to Plaintiffs' Server systems through protected password-files, breached the agreements governing access to the system, and use of it, including the software and support materials available through it, and wrongfully used the Plaintiffs' **Property** that they found there to advance their services eliminate or hinder Plaintiffs entry into the e-commerce markets, and otherwise obtain and retain profits for current and prospective clients to the past and continued exclusion of the Plaintiffs with the willful, intentional in injury to their business and **Property**.

**Prospective Clients-Economic Advantage:**

436. Simultaneously, the *RICO Defendants* manipulated Plaintiffs' known customers using the Plaintiffs' unique processes and deployment strategies installing them onto the *RICO Defendants* own computer systems and using them to lure away Plaintiffs' current and prospective clients.

437. This conduct, as alleged above means of action constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., receipt of stolen property, cal. Penal code § 496, unauthorized access to computers, cal. Penal code § 502, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related

Complaint

1  activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored

2  communications Act, 18 U.S.C. § 2701. Defendants' conduct also constitutes trespass to

3  chattels, breach of contract, and unjust enrichment.

4      438. By reason and result of the **RICO Defendants'** acts, the above-described

5  relationships have been actually disrupted, causing certain current and prospective clients to

6  lose interest and otherwise cancel commitments with Plaintiffs and instead enter into

7  agreements with the **Jingit Enterprise** entities in the use of the unique **eoBuy** micro billing

8  and **Indiezone Ad Engine** processing.

9  **Damages:**

10      439. By reason and result of the foregoing there exists a direct and proximate result

11  of harm form the **RICO Defendants'** actions, wherein Plaintiffs have suffered economic

12  harm, including, but not limited to, loss of profits from sales or licenses to current and

13  potential customers in the purchase-use of Plaintiffs' licenses, support services in an amount

14  to be proven at trial.

15  **Injunctive Releif:**

16      440. In each instance the **RICO Defendants'** wrongful-illegal conduct was a

17  substantial factor in causing this harm. Unless Defendants are restrained by appropriate

18  injunctive relief, their actions are likely to recur and will cause Plaintiffs irreparable injury

19  for which there is no adequate remedy at law.

20

21                  **Count XIX.**
**Negligent Interference With Prospective Economic Advantage**

22                        *\*(All Defendants)\**

23      441. Plaintiffs repeat, incorporate and otherwise allege by reference the allegations

24  of paragraphs numbered "1" through "440" above of this Complaint as though fully set

25  forth here and again.

26      442. Both **eoBuy** and **Indiezone** had a joint deployment and deployment strategy

27  and business expectancy in the secrecy of the **IP** created by way of their combined unique,

28  proprietary trade secrets and software processes and in continuing advantageous economic

                                                                 - 91 -

1 | relationships with retailers and merchandisers including Wal-Mart, Kraft General Electric,

2 | Target and other prospective purchasers and licensees of Plaintiffs' support services and us

3 | licenses for its software and trade secrets.

4 |     443.   These relationships contained the probability of future economic benefit in the

5 | form of profitable support service contracts and enterprise software licenses. Had the **RICO**

6 | **Defendants** refrained from engaging in the unlawful and wrongful affairs of the **Jingit**

7 | **Enterprise** and activities through the conduct described in this complaint, there is a substantial

8 | probability that the support customers of **eoBuy** and **Indiezone** would have initiated licenses

9 | and continued to renew licenses with expanded support contracts between their companies and

10 | Plaintiffs rather than with the **Jingit Enterprise** as controlled by **RICO Defendants**.

11 | **Negligent Interference:**

12 |     444.   The **RICO Defendants** knew or should have known about these economic

13 | relationships as established by the Plaintiffs' joint deployment strategies and agreements

14 | described above, and knew or should have known that these relationships would be

15 | interfered with and disrupted when the **RICO Defendants** accessed Plaintiffs' Server and

16 | damage the Server where they acted with reckless-careless disregard to their Agreements

17 | and fiduciary duties, and improperly:

18 |         •     gained unauthorized access to Plaintiffs' Server systems

19 |              into Plaintiffs' password-protected files in violation of the

20 |              agreements governing such access;

21 |         •     gained unauthorized access to the unique codes

22 |              compellation and processes encoded into the software and support

23 |              materials available on the Server systems through in violation of

24 |              the agreements governing such access, including by using log in

25 |              credentials with no right or license to the software and support

26 |              materials taken and destroyed by the **RICO Defendants**;

27 |         •     breached the agreements governing access to, and use of, the

28 |              files and the software and support materials available through it;

- lured Plaintiffs current and prospective customers by making promotional and marketing videos and statements regarding false authorship and other false claims of ownership and otherwise provided access to the Public's use of the unique processes and trade secrets of Plaintiffs which was-were only made possible because of the **RICO Defendants'** improper access to, and taking from, Plaintiffs Server systems files intended to be maintained as secret;

- used information learned through the improper access to, and taking from the Server systems files intended to provide support services to the Plaintiffs' operation and used them in the affairs of the **Jingit Enterprise** for the financial gain of each **RICO Defendant** and,

- gaining unauthorized access to Plaintiff **IP** and thereafter releasing the **IP** through deceptive representations to users customers, causing those customers to infringe on Plaintiffs property for a lack of license agreements with Plaintiffs, disseminating-distribution of the **IP** software hundreds and thousands of times onto unauthorized users systems, and using those copies for various improper purposes, including without limitation the unauthorized branding of Plaintiffs IP as the property of the **Jingit Enterprise.**

445. Defendants' conduct was wrongful-negligent by a measure beyond the fact of the interference itself. Defendants gained unauthorized access to Plaintiffs' Server systems through protected password-files, breached the agreements governing access to the system, and use of it, including the software and support materials available through it, and wrongfully used the Plaintiffs' **Property** that they found there to advance their services

- 93 -

eliminate or hinder Plaintiffs entry into the e-commerce markets, and otherwise obtain and retain profits for current and prospective clients to the past and continued exclusion of the Plaintiffs with the willful, intentional in injury to their business and **Property**.

**Prospective Clients-Economic Advantage:**

446.   Simultaneously, the **RICO Defendants** manipulated Plaintiffs' known customers using the Plaintiffs' unique processes and deployment strategies installing them onto the **RICO Defendants** own computer systems and using them to lure away Plaintiffs' current and prospective clients.

447.   This conduct, as alleged above means of action constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., receipt of stolen property, cal. Penal code § 496, unauthorized access to computers, cal. Penal code § 502, wire fraud, 18 U.S.C. § 1343, violation of RICO, 18 U.S.C. § 1962, fraud and related activity in connection with an access device, 18 U.S.C. § 1029, and violation of the Stored communications Act, 18 U.S.C. § 2701. Defendants' conduct also constitutes trespass to chattels, breach of contract, and unjust enrichment.

448.   By reason and result of the **RICO Defendants'** acts, the above-described relationships have been actually disrupted, causing certain current and prospective clients to lose interest and otherwise cancel commitments with Plaintiffs and instead enter into agreements with the **Jingit Enterprise** entities in the use of the unique **eoBuy** micro billing and **Indiezone Ad Engine** processing.

**Damages:**

449.   By reason and result of the foregoing there exists a direct and proximate result of harm form the **RICO Defendants'** actions, wherein Plaintiffs have suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential customers in the purchase-use of Plaintiffs' licenses, support services in an amount to be proven at trial.

- 94 -

**Injunctive Releif:**

450.    In each instance the *RICO Defendants'* wrongful-illegal conduct was a substantial factor in causing this harm. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Plaintiffs irreparable injury for which there is no adequate remedy at law.

### Count XX.
### Breach of Contract
### *(Against Rooke and Rogness)*

451.    Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "450" above of this Complaint as though fully set forth here and again.

**Agreement:**

452.    Defendants **Rooke** and **Rogness** agreed to be bound by the Terms of their employment agreements with Plaintiff and the special terms of secrecy and confidentiality together with the legal restrictions rights and duties, and/or the legal obligations contained in those documents.

453.    Plaintiffs performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions.

**Breach of Agreement:**

454.    Defendants have breached the terms of their agreements the legal duties restrictions, among other things:

- gained unauthorized access to Plaintiffs' Server systems into Plaintiffs' password-protected files in violation of the agreements governing such access;

- gained unauthorized access to the unique codes compellation and processes encoded into the software and support materials available on the Server systems through in

-95-

violation of the agreements governing such access, including by using log in credentials with no right or license to the software and support materials taken and destroyed by the **RICO Defendants**;

• breached the agreements governing access to, and use of, the files and the software and support materials available through it;

• lured Plaintiffs current and prospective customers by making promotional and marketing videos and statements regarding false authorship and other false claims of ownership and otherwise provided access to the Public's use of the unique processes and trade secrets of Plaintiffs which was-were only made possible because of the **RICO Defendants'** improper access to, and taking from, Plaintiffs Server systems files intended to be maintained as secret;

• used information learned through the improper access to, and taking from the Server systems files intended to provide support services to the Plaintiffs' operation and used them in the affairs of the **Jingit Enterprise** for the financial gain of each **RICO Defendant** and,

• gaining unauthorized access to Plaintiff **IP** and thereafter releasing the **IP** through deceptive representations to users customers, causing those customers to infringe on Plaintiffs property for a lack of license agreements with Plaintiffs, disseminating-distribution of the **IP** software hundreds and thousands of times onto unauthorized users systems, and using those copies for various improper purposes, including without limitation the unauthorized branding of Plaintiffs IP as the property of the **Jingit Enterprise.**

– 96 –

**Damages:**

455.   By reason of the breach of their Agreements with Plaintiffs Defendants **Rooke** and **Rogness** violated the terms and legal restrictions, therein causing damages to Plaintiffs in an amount to be proven at trial.

**Count XXI.**
**Trespass To Chattels**
***(Against Rooke and Rogness)****

456.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "455" above of this Complaint as though fully set forth here and again.

**Trespass:**

457.   At all times mentioned in this Complaint, Plaintiffs had legal title or license to and actual possession of one another's **IP** and support materials on the Server system, as described above.

458.   Defendants intentionally interfered with the use or possession of both the **IP** and supporting system, and the copies of support materials housed for licensed access through their Server. Defendants' trespass and interference proximately caused damage to Plaintiffs **Property**, including, but not limited to, damage to the functionality of Plaintiffs Server, damage to Plaintiffs rights to dominion and control over its **Property**, and damage to the confidential nature of the information on its Server.

**Damages:**

459.   By reason of the Defendants illegal acts Plaintiffs' **Property** has been greatly diminish in value and deprived Plaintiff of the intended exclusive uses of its **IP** and unique processing system.

460.   Plaintiffs are entitled to recover any and all damages it sustained as a result of such trespass, in an amount to be determined at trial, but in no event a sum less than One Billion Three Hundred Million $1,300,000,000 Dollars.

- 97 -

Complaint

**Injunctive Relief:**

461.    Defendants' trespass interfered with, and damaged, the integrity and functionality of Plaintiffs' **IP** and support materials by reason of their partial disclosure and illegal use if said **IP**.

462.    Defendants will continue to commit such acts and will continue to disclose the **IP** which therefore threatens to cause irreparable harm to Plaintiffs, for which no remedy at law is adequate to compensate it for the injuries inflicted and threatened.

### Count XXII.
### Unjust Enrichment/Restitution
### *(Against All Defendants)* *

463.    Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "462" above of this Complaint as though fully set forth here and again.

464.    Defendants unjustly received financial and other business benefits at the expense of Plaintiffs through the **RICO Defendants'** wrongful conduct, including Defendants' breach of the agreements and laws-Codes governing access to and use of Plaintiffs Computer network and support system and its unique interface to Plaintiff's planned business deployment.

465.    By reason of the foregoing illegal conduct Defendants have wrongfully obtained an unfair economic and technical advantage.

466.    Likewise, Defendants' trespassed into Plaintiffs' computer network, and Defendants computer fraud concerning their **IP** and support materials, which took substantial time and to develop and at a cost of in excess of Twenty Million ($20,000,000) Dollars.

467.    The **RICO Defendants** continue to unjustly retain these benefits at the expense of Plaintiffs. It would be unjust for Defendants to retain any value they obtained as a result of their wrongful conduct.

### COUNT XXIII.
### Breach of Fiduciary Duties
### * (RICO Defendants Rooke and Rogness) *

468.    Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "467" above of this Complaint as though fully set forth here and again.

- 98 -

469.   The Defendants **Rooke** and **Rogness** have violated the fiduciary duties owed to the Plaintiffs Corporations and its shareholders and have acted to put their personal interests ahead of the interests; of Plaintiff Corporations and its shareholders or abandoned their duties.

470.   These Defendants have  taken actions which ensure their interests at the expense of Plaintiff Corporations and its  shareholders and taken an unfair advantage by effectively remove the Plaintiffs their right to deploy their **IP.**

471.   By the acts, transactions, and courses of conduct alleged herein, **RICO Defendants** Rooke and Rogness, individually and acting as a part of a common plan/Scheme will unfairly deprive Plaintiff and of their exclusive right to their IP.

472.   Plaintiffs  will suffer irreparable harm unless the actions of these Defendants are enjoined and a process of turnover of the **Jingit** operations is immediately order by a Court of competent jurisdiction.

**Count XXIV.**
**Imposition of Constructive Trust**
**Appointment of Referee Injunctive Relief**
***(Against All Defendants)***

473.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "472" above of this Complaint as though ully set forth here and again.

474.   **RICO Defendants,** Rooke and Rogness were in a confidential and fiduciary relationship of trust and loyalty with each of the Plaintiff Corporations wherein there were written Agreements providing a promise on the part of these not to disclose, to keep secret, and otherwise refrain from the improper use and dissemination-distribution of Plaintiffs' **IP** and Trade Secrets.

475.   Commencing in or about June of 2009, **RICO Defendants** Rooke and Rogness 2009, began to violate their duty of trust, intentionally, willfully and with disregard of the Agreements with Plaintiffs and began to infringe or otherwise misappropriate Plaintiffs' **IP.**

476.   In performance of the scheme to infringe-misappropriate Plaintiffs **IP,** **RICO Defendants,** collectively and each individually, are currently in possession. or will in the future

1   will come into possession, of funds-assets, which are rightfully the property of Plaintiffs, by

2   operation of the *Jingit Enterprise*.

3       477.   The *RICO Defendants* have no legal right to hold and/or enjoy any such funds-assets in

4   equity and good conscience, as such, any funds which come into the possession of the *RICO*

5   *Defendants* shall only do so as a direct consequence of their scheme and artifice to defraud the

6   Plaintiffs.

7       478.   Plaintiffs are entitled to the establishment of a constructive trust consisting of the benefit

8   conferred upon Defendants by the revenues derived from their wrongful conduct and for the expense of

9   Plaintiffs work including as alleged above, any and all profits derived from their wrongful conduct.

10      479.   That by reason of the foregoing, Plaintiffs are entitled to the appointment of a

11  Referee; upon the imposition of the constructive trust over any profits made directly or indirectly

12  and arising from the conduct complained of herein together with permanent injunctive relief

13  prohibiting the Defendants from claiming ownership or use of Plaintiffs' **IP** in any manner.

14
                                **Count XXV.**
15                              **An Accounting**
                              *(All Defendants)*
16

17      480.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations

18  of paragraphs numbered "1"  through "479" above  of this Complaint as though fully set

19  forth here and again.

20      481.   Since at least June 2009, the *RICO Defendants* have conspired to conduct

21  business through the use of unlawful conduct including, but not limited to:

22

23          (a)    Breaching the Agreements governing access to or use of

24          Plaintiffs' Server, their **IP** and trade secrets;

25          (b)    Intentionally and/or negligently interfering with Plaintiffs'

26          prospective economic advantage with its existing and potential

27          customers;

28

                                      – 100 –

Complaint

(c)   Improperly, willfully, and unlawfully taking commercial advantage of the investment in Plaintiffs' **IP** and by **Jangit** for the purpose of sabotaging Plaintiff's ability to do business and compete in the e-commerce market; and,

(d)   Fraudulently accessing and intentionally trespassing on Plaintiff's password-protected customer support network, without authorization or consent, and in otherwise exceeding authorized consent in furtherance of their unlawful and deceptive scheme as described above.

482.   Defendants have received money as a result of their illegal activities and other wrongful misconduct, all at the expense of, and undertaken at the expense of Plaintiffs, and as such said money is rightfully due to Plaintiffs.

483.   The amount of money due from Defendants to Plaintiffs is presently unknown to Plaintiffs and cannot be ascertained without an accounting of the income and gross profits Defendants have obtained through their wrongful and unlawful conduct.

484.   Plaintiffs are entitled, therefore, to a full accounting of all financial transaction involving all of the **RICO Defendants** and the **Jingit Enterprise** as to all transaction between them and any third party-creditors-debtors involving the use of Plaintiff's copyright, trade secrets and/or conversion of Plaintiffs property.

### Count XXVI.
### Permanent Injunction
### *(All Defendants)*

485.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of paragraphs numbered "1" through "484 above of this Complaint as though fully set forth here and again.

486.   That by reason of the foregoing, Plaintiffs are entitled a preliminary injunction, and a permanent injunction, all enjoining **Defendants**, and each of them, and

- 101 -

Complaint

1  their agents, servants, and employees, and all persons acting under, in concert with, or for

2  them in the use of Plaintiffs' IP any and all claims of ownership thereof.

3                              **Count XXVII.**
                          **Declaratory Judgment**
4                            ***(All Defendants)****
5

6       487.   Plaintiffs repeat, incorporate and otherwise allege by reference the allegations of

7  paragraphs numbered "1" through "486" above of this Complaint as though fully set forth here

8  and again.

9       488.   An actual controversy has arisen and now exists between Plaintiffs and Defendants

10  concerning their respective rights and duties in that Plaintiffs contend the Defendants have

11  infringed, misappropriated or are otherwise unlawfully used its IP without lawful right authority

12  or consent.

13       489.   Plaintiffs' desires a judicial determination of its rights and duties, and a declaration

14  as to ownership of the **coBuy** and **Indiezone** IP.

15       490.   A judicial declaration is necessary and appropriate at this time under the

16  circumstances in order that Plaintiff may exercise their exclusive rights of ownership.

17       491.   That by reason of the unlawful conduct of the Defendants, Plaintiffs have and will

18  continue to suffer financial loss and other burdens now being suffered by unsettled state of affairs.

19       492.   To date, Plaintiffs have suffered actual damages in excess of $20,000,000,

20  with a potential loss in excess of $1,300,000,000.

21                              **Prayer For Relief**

22       **WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendants as

23  follows:

24       That Plaintiffs be granted injunctive and monetary relief, with the resulting injury

25  to their businesses and property, in an amount to be proven at trial, including profits

26  attributable to the infringement not taken into account in computing actual damages-17

27  U.S.C. §  504(b) and statutory damages under 17 U.S.C. § 504(c), on each of the

28  foregoing claims under both the federal and state laws and under the common law for

                                    - 102 –

1    claim involving or related to allegations of Copyright infringement 17 U.S.C. 501-

2    506(a)(1)(A), 17 U.S.C. 106 Exclusive rights in copyrighted works; 15 U.S.C. 1114, 18

3    U.S.C. 1030(a)(2)(C), 1030(a)(4), 1030(a)(5)(B), 1030(a)(5)(C), 1030(c)(2), 1030(g), 18

4    U.S.C. 1029 of the Federal Computer Fraud and Abuse Act; Trade Mark-Trade Dress;

5    Federal Trademark Act of 1946, as amended (the Lanham Act), 15 U.S.C.  1125(a),

6    1125(c) 1125(d), in an amount to be determined at trial, profits made by Defendants on

7    sales  of products by use of the Mark and the costs of this action; 18 U.S.C. 1341 mail

8    fraud and 1343 wire fraud; 18 U.S.C. 1832 (theft of trade secrets), 18 U.S.C. 1956 and

9    1957 money laundering, engaging in monetary transactions in property derived from

10   specified unlawful activity; in violation of the RICO Statute 18 U.S.C.  1961-1968, et

11   seq., in the sums of no less than $20,000,000.00 Million Dollars in actual loss and One

12   Billion Three Hundred Thousand ($1,300,000,000.00) Dollars in loss of economic

13   advantage; 18 U.S.C. 2314-2315 possession and receipt of stolen property; and 18

14   U.S.C. 2319, criminal infringement of a copyright; in violation of the Stored

15   Communications Act, 18 U.S.C.  2701- 1, 2701(a)(2); California Business and

16   Professions Code §§ 17200 and 17500 *et seq.*; Cal. Penal Code 496 receipt of stolen

17   property; Cal. Penal Code 502 unauthorized access to computers; theft of trade secrets

18   Cal. Civ. Code  3426.11 any and all other federal laws; California state laws and

19   common law applications for Negligence per se, Negligent Interference with Prospective

20   Economic Advantage; Intentional Interference with Prospective Economic Advantage,

21   Trespass to Chattels, and Unjust Enrichment, Fraud-Misrepresentation, Aiding and

22   Abetting; California state laws and common law applications for direct, contributory or

23   vicarious copyright infringement, direct, contributory or vicarious trademark

24   infringement, in the sums of no less than $20,000,000.00 Million Dollars in actual loss

25   and One Billion Three Hundred Thousand ($1,300,000,000.00) Dollars in loss of

26   economic advantage; specifically, that the **RICO Defendants** and all of their respective

27   officers, agents, servants, representatives, employees, attorneys, and all other persons

28   acting in concert with them be enjoined from:

- 103 -

Complaint

A. Using the **IP** including its trademark **Music.Me**, or any trademark confusingly similar to the **Music.Me** trademark, in connection with the marketing, promotion, advertising, sale, or distribution of any of its products or services;

1. directly or indirectly engaging in false advertising or promotions of **Jingit** products;

2. making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the ownership, promotion, advertisement, packaging, display, sale, offering for sale, processing, methodology, circulation or distribution of Plaintiffs' **IP** software/products-proprietary processes by making false representations regarding Plaintiffs' ownership or right of use;

B. That **RICO Defendants** file, within ten (10) days from entry of a preliminary injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have and will comply with the terms of the injunction as ordered by this Court;

C. That the **RICO Defendants** be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Plaintiffs' **IP** including without limitation:

1. the sending of a registered letter (with a copy to Plaintiffs to all internet search engines, including but not limited to, Google, Yahoo!, Bing and other search engines, requesting that Defendants' keyword advertising and sponsored advertisements be removed from their search engines;

2. the placement of corrective advertising on the Jingit LLC., websites informing sponsors consumers of their prior misrepresentations regarding Plaintiff's **IP** and the false statements of ownership;

3. the removal of all false and misleading links to any other Defendants websites;

Complaint

1        D. That the **RICO Defendants** be adjudged to have violated the foregoing

2    Codes, Statues, and laws by unfairly competing against Plaintiffs by using false, deceptive

3    or misleading means of acquiring Plaintiffs' **IP**;

4        E. That the **RICO Defendants** be adjudged to have unlawfully and unfairly

5    competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code

6    § 17200, *et seq.*;

7        F. That Defendants be adjudged to have competed unlawfully and unfairly

8    against Plaintiff by engaging in false or misleading advertising under the laws of the State

9    of California, Cal. Bus. & Prof. Code § 17500, *et seq.*;

10       H. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a),

11   sufficient to compensate it for the damage caused by Defendants' false and misleading

12   statements with the resulting injury to their businesses and property in the sums of no less

13   than $20,000,000.00 Million Dollars in actual loss and One Billion Three Hundred

14   Thousand ($1,300,000,000.00) Dollars in loss of economic advantage.

15       I. That Plaintiffs be awarded Defendants' profits derived by reason of said

16   acts, or as determined by said accounting;

17       J. That such damages and profits be trebled and awarded to Plaintiffs and that

18   it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a

19   result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

20       K. That Plaintiff be awarded damages in an amount sufficient to compensate it

21   for the damage caused by Defendants' unfair competition and false advertising under

22   California Business and Professions Code §§ 17200 and 17500 *et seq.*, and contributory

23   trademark infringement and vicarious trademark infringement under federal law and

24   California common law;

25       L. That Plaintiffs be granted prejudgment and post judgment interest;

26       M. That Plaintiffs be granted costs associated with the prosecution of this

27   action;

28       N. That Plaintiffs be granted such further relief as the Court may deem just.

Complaint

1  Dated: September 10, 2013

2

3                                    Douglas R. Dollinger, Esq.—Pro Hoc Vice
                                     Bar No. N.Y. 2354926
4                                    260 Main Street
                                     Goshen, New York 10924
5                                    Tel.   845.915.6800
                                     Facs.  845.915.6801
6                                    E-mail ddollingeresq@gmail.com

7

8                                    Seth D. Heyman, Esq.
9                                    CA Bar No. 194120CA
                                     2600 Michelson Drive, Suite 900,
10                                   Irvine, CA 92612.
                                     Tel: 855.439.6628
11                                   Fax: 855.407.7714
                                     e-mail sdh@heymanlegal.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint                            – 106 –