1   Seth D. Heyman, Esq.-Local Counsel Cal Bar #194120
    2600 Michelson Drive,  Suite 900,
2   Irvine, CA 92612.
    Tel: 888-710-2799
3   Fax: 760-452-7714
4   e-mail sdh@heymanlegal.com

5   Douglas R. Dollinger, Esq.–Pro Hoc Vice Bar No. NY 2354926 Fed. No. 5922
6   50 Main Street-Suite 1000
    White Plains, New York 10606
7   Tel.   845.915.6800
    Facs.  845.915.6801
8   e-mail ddollingeresq@gmail.com
9   Attorney for Plaintriffs

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND  DIVISION

|  |  |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>          Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, ***Defendants in Negligence, and Aiding/Abetting***;<br><br>Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary-Vicarious Infringement***,<br><br>          Defendants. | Case No:  3:13-cv-04280 YGR/EDL<br><br>**PLAINTIFFS'   MEMORANDUM   OF LAW IN SUPPORT OF THE MOTION TO   AMEND   ITS   SUMMONS   AND COMPLAINT PURSUANT TO  FED. R. CIV. P. 15 (a)  and    RULE 20(a)** |

1

## <u>ARGUMENT</u>

2

3       Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall

4   be freely given when justice so requires."

5       Learned sources have also observed that:

6       [P]ermission has been granted under Rule 15(a) at various stages of the
        litigation: following discovery; after a pretrial conference; at a hearing on
7       a motion to dismiss or for summary judgment; after a motion to dismiss
        has been granted but before the order of dismissal has been entered; when
8       the case is on the trial calendar and has been set for a hearing by the
9       district court; at the beginning, during and at the close of trial; after a
        judgment has been entered; and even on remand following an appeal. 6 C.
10      Wright, A. Miller, & M. Kane, <u>Federal Practice and Procedure</u> § 1488 at
11      652-57 (1990) (footnotes omitted).

12

13      Our Supreme Court, having ruled on the issue of granting amendments to pleadings,

14  has declared:

15      Rule 15(a) declares that leave to amend "shall be freely given when justice
16      so requires"; this mandate is to be heeded. If the underlying circumstances
        relied upon by a plaintiff may be a proper subject of relief, he ought to be
17      afforded an opportunity to test his claims on the merits. In the absence of
        any apparent or declared reason -- such as undue delay, bad faith or dilatory
18      motive on the part of the movant, repeated failure to cure deficiencies by
19      amendments previously allowed, undue prejudice to the opposing party . . .,
        -- the leave sought should, as the rules require, be "freely given." <u>Foman v.</u>
20      <u>Davis</u>, 371 U.S. 178, 182 (1962) (citations omitted).
21

22

23      Because the Rule 15(a) requires compliance for pleading amendments as requesting

24  new or additional parties  Rule 20(a) of the Federal Rules of Civil Procedure governs a

25  motion for a party to amend its pleadings.

26      The rule requires a court to "freely give leave when justice so requires." Id. R.

27  15(a)(2). Rule 15 "evinces a bias in favor of granting leave to amend." See, <u>Stripling v.</u>

28  <u>Jordan Prod. Co., LLC,</u> 234 F.3d 863, 872 (5th Cir. 2000) (internal quotation marks and

1   citations omitted). "Unless there is a 'substantial reason to deny leave to amend, the

2   discretion of the district court is not broad enough to permit denial.'" Id. (quoting Dussouy

3   v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (Former 5th Cir. 1981. Parenthetically, this

4   Court may also consider their consent to the amendment when considering whether to

5   exercise it discretion to allow the amendment. See, Fed R. Civ. P. 15(a).

6

7   (a) PERSONS WHO MAY JOIN OR BE JOINED.

    (1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

8   (A) they assert any right to relief jointly, severally, or in the alternative

9   with respect to or arising out of the same transaction, occurrence, or

10  series of transactions or occurrences; . . .

11  The Court is asked to consider the facts that no responsive pleading has been filed;

12  that Plaintiff have complied with the prior order of the Court for service of the defendants

13  Wal-Mart, General Electric, Target and their time to answer or otherwise move has not yet expired; the

14  joint case management schedule does not yet exists but will be submitted in manner which

15  will allow the Court to accommodate the amendment without delay; that under the

16  circumstances no prejudice will occur to any of the parties by the amendment and that the

17  amendment will only add clarity to the actual parties to the dispute.

18  In this case, Plaintiffs are seeking leave to amend the complaint where the

19  amendment will only correct the identity of the Plaintiff eoBuy and ensure consistent

20  verdict for conduct arising from the same set of facts and transactions.  **[See Exhibit "A"**

21  **Proposed Amended Summons and Complaint.]**

22  Respectfully, under the circumstances this court may in its discretion grant Plaintiffs' Motion.

23  ### Conclusion

24  For the foregoing reasons, and more particularly because no prejudice will result by

25  allowing Plaintiff to amend the Complaint and add new parties, the Court in its discretion

26  should grant Plaintiff's Motion.

27  Respectfully submitted this

28  21st day of February 2014

- 3 -

DOUGLAS R. DOLLINGER, ESQ., P.C.
       & Associates
50 Main Street-Suite 1000
White Plains, New York 10606
Tele.  845.915.6800
Fax.   845.915.6801
**Bar No. N.Y.  2354926 Fed. No. 5922**
Attorneys for Plaintiff

**Local and Co-Counsel for Service
of Notice and Mailing :**

/S/

Seth D. Heyman, Esq., CA Bar No. 194120
2600 Michelson Drive, Suite 900
Irvine, CA 92612
Tel:  855-439-6628
Fax: 855-207-3967
Email: sdh@heymanlegal.com
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, in accordance with the Rules of Federal Procedure, on the this

date February 21, 2014, a true and correct copy of the foregoing document was delivered

to Defendants, by and through the ECF System to their record counsel.

DOUGLAS R. DOLLINGER, ESQ., P.C.
       & Associates
50 Main Street-Suite 1000
White Plains, New York 10606
Tele.  845.915.6800
Fax.   845.915.6801
**Bar No. N.Y.  2354926 Fed. No. 5922**
Attorneys for Plaintiff