James W. Morando (CA Bar No. 087896)
  jmorando@fbm.com
Deepak Gupta (CA Bar No. 226991)
  dgupta@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Joseph P. Ceronsky (*pro hac vice*)
(MN Bar No. 391059)
Keiko L. Sugisaka (*pro hac vice*)
(MN Bar No. 266152)
MASLON EDELMAN BORMAN
    & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:     612-672-8200
Facsimile:      612-672-8397
E-mail:  joseph.ceronsky@maslon.com

ATTORNEYS FOR DEFENDANTS
JINGIT LLC, JINGIT HOLDINGS, LLC,
JINGIT FINANCIAL SERVICES, LLC,
TODD ROOKE, JOE ROGNESS, PHIL
HAZEL, SAM ASHKAR, HOLLY
OLIVER, SHANNON DAVIS, JUSTIN
JAMES, CHRIS OHLSEN, DAN
FRAWLEY, DAVE MOOREHOUSE, II,
TONY ABENA, CHRIS KARLS, JOHN E.
FLEMING, AND MUSIC.ME, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC, Music.Me, LLC, Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris | Case No.  3:13-cv-04280 (YGR/EDL)<br><br>**DECLARATION OF JOSEPH P. CERONSKY IN SUPPORT OF STIPULATION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES AND HEARINGS ON PENDING MOTIONS** |

Karls in their capacities as officers, agents and/or employees of Jingit LLC, *Defendants in Negligence, and Aiding/Abetting*;

Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, *Defendants in Negligence Secondary-Vicarious Infringement*,

Defendants.

I, Joseph P. Ceronsky, declare under penalty of perjury as follows:

1. I am an attorney at the law firm, Maslon Edelman Borman & Brand, LLP, counsel for Defendants Jingit LLC; Jingit Holdings, LLC; Jingit Financial Services, LLC; Todd Rooke; Joe Rogness; Phil Hazel; Sam Ashkar, Holly Oliver; Shannon Davis; Justin James; Chris Ohlsen; Dan Frawley; Dave Moorehouse, II; Tony Abena; Chris Karls; John E. Fleming; and Music.Me, LLC.

2. I make this Declaration in support of Plaintiffs' and Defendants' Stipulation to Continue the Initial Case Management Conference and Hearings, and pursuant to Civil L.R. 6-2(a).

3. Counsel for the parties in this action have conferred and agree that there are overlapping issues of law and fact in the two pending motions before the Court, (a) the pending motion which seeks to dismiss one of the two plaintiffs in this action, to compel arbitration with Indiezone, Inc. and to stay all remaining proceedings (ECF 29), and (b) the motion filed by plaintiffs which seeks leave to file an amended complaint (ECF 57). Counsel further agree that it would serve the interests of judicial economy and efficiency if these two motions were heard together by the Court in a single hearing. Counsel have compared calendars and are jointly available for such a hearing on Tuesday, April 15, 2014.

4. Counsel for the parties in this action also agree that it would serve the interests of judicial economy and efficiency if the Initial Case Management Conference presently set for March 17, 2014, along with the associated deadlines, were continued for approximately 90 days

to accommodate rulings on the pending motions before the Court. The parties believe that it would be inefficient at this time to plan discovery, motions and other case management processes and a waste of judicial resources to conduct an initial case management conference, where one of the two plaintiffs may be dismissed and this case may shortly be ordered to binding arbitration where different rules and procedures will govern. Counsel also believe participation in the ADR Multi-Option Program would be premature at this time in light of the pending motions and the fact that the dispute may proceed to binding arbitration and the litigation otherwise stayed.

5. Pursuant to Civil L.R. 6-2(a)(2), a list of previous time modifications in this case is:

   a. Stipulation Under Civil L.R. 6-1 to Enlarge Time to Answer or Otherwise Respond to Complaint (ECF 11).

   b. Stipulation to Extend Time to Respond to Complaint (ECF 12).

   c. Stipulation Under Civil L.R. 6-1 to Further Enlarge Time to Answer or Otherwise Respond to Complaint (ECF 13).

   d. Stipulation Under Civil L.R. 6-1 to Further Enlarge Time to Answer or Otherwise Respond to Complaint (ECF 17).

   e. Order Granting Plaintiffs' Additional Time for Service Over the Defendants Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1-through 10 (ECF 43).

   f. Order Granting Plaintiffs' Unopposed Motion to Enlarge Time to Respond to Defendants Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services, LLC, Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver, Shannon Davis, Justin James, Chris Ohlson, Dan Frawly, Dave Moorehouse, II, Tony Abena, Chris Karls, John E. Fleming, and Music.me, LLC's Motion to Dismiss, Motion to Compel Arbitration and Limited Motion to Stay All Remaining Proceedings (ECF 50).

   g. Order Granting The Plaintiffs' Second Unopposed Motion Pursuant to Civil Local Rule 6-1 For An Enlargement of Time to Respond to the Defendants' Motion to Dismiss, Motion to Stay All of the Remaining Proceedings, and Motion to Compel Arbitration (ECF 58).

6. The requested time modifications will affect only the date of the hearings for the pending Motions, the Initial Case Management Conference, related Rule 26(f) dates and ADR Multi-Option deadlines.  It will not affect any case deadlines for discovery or trial, because the

Court has not yet issued a scheduling order.  This modification will allow the Court and Parties to forgo for the present time case planning that may be unnecessary in light of the Court's ruling on Defendants' Motions.

     I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Dated:  March 6, 2014                      s/Joseph P. Ceronsky  
                                                   Joseph P. Ceronsky