James W. Morando, CA Bar No. 87896
Deepak Gupta, CA Bar No. 226991
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: 415.954.4457
Facsimile: 415.954.4480
Email:  jmorando@fbm.com
Email:  dgupta@fbm.com

Keiko L. Sugisaka, MN Bar No. 266152 (admitted *Pro hac vice*)
Joseph P. Ceronsky, MN Bar No. 391059 (admitted *Pro hac vice*)
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: 612-672-8200
Facsimile: 612-672-8344
Email:  keiko.sugisaka@maslon.com

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE, II, TONY ABENA, CHRIS KARLS, JOHN E. FLEMING, AND MUSIC.ME, LLC**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, ***Defendants in Negligence,*** | Case No:  4:13-CV-04280 YGR/EDL<br>Hearing Date: April 1, 2014<br>Hearing Time: 2:00 p.m.<br>Place: Oakland Courthouse<br>Courtroom: 5, Second Floor<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR SUMMONS AND COMPLAINT** |

*and Aiding/Abetting*;

Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, *Defendants in Negligence Secondary-Vicarious Infringement*,

Defendants.

## INTRODUCTION

After admitting that current plaintiff eoBuy, Limited is a dissolved Irish corporation that lacks capacity to bring suit, Plaintiffs now seek leave to amend their Complaint to add a new purported entity that they say is an Irish company named "eoBuy Ventures Limited." However, the purported Irish entity that they seek to add as a plaintiff, "eoBuy Ventures Limited," also *does not exist*. Therefore, the proposed amendment would be futile, and this Court should deny Plaintiffs' motion.

## ARGUMENT

**This Court Should Deny Plaintiffs' Motion to Amend Their Complaint Because the Proposed New Plaintiff Does Not Exist; Therefore, Amendment Would be Futile.**

The complaint filed in this action named two plaintiffs, Indiezone, Inc. and eoBuy, Limited. (Compl., ECF 1, Caption, p. 1 & ¶ 26.) The Jingit Defendants[1] brought a motion to, *inter alia*, dismiss eoBuy, Limited because, as a dissolved Irish corporation, it lacks capacity to bring suit under governing Irish law.[2] (Mot. of Defs. to Compel Arbitration, ECF 29, Sec. II; Declaration of Brian Walker ("Walker Decl."), ECF 30, ¶¶ 5-9, Exs. A & B.) In response, Plaintiffs *admitted* that eoBuy, Limited had dissolved in 2008 and therefore lacked capacity to bring suit. ("There is no genuine

---

[1] "Jingit Defendants" are Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver, Jingit, LLC, Jingit Holdings, LLC, Jingit Financial Services, LLC, Music.Me, LLC, Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis and Chris Karls. Defendant U.S. Bank also joined the Jingit Defendants' Motion to Dismiss. (ECF 35.)

[2] Defendants also note that the corporate status of plaintiff Indiezone, Inc. had been forfeited under Delaware law since June 11, 2009, and was only recently reinstated on January 24, 2014. *See* Declaration of Joseph P. Ceronsky, ECF 62-1 and 62-2, Exs. A & B.) It appears that Indiezone's reinstatement of its corporate status, however, is retroactively effective. *See* Del. Code Ann. Title 8, § 312(e).

contest that … eobuy Limited … was dissolved on April 1, 2008." Pls.' Mem. in Opp'n, ECF 54, p. 9; *see also* Declaration of Conor Fennelly ("Fennelly Decl."), ECF 54-1, ¶ 1.) Plaintiffs now bring this motion seeking leave to amend their Complaint "to add or correct the corporate entity naming eoBuy Ventures Limited … as the intended Plaintiff…." (Declaration of Douglas R. Dollinger "Dollinger Decl.," ECF 57-1, p. 2.)

Plaintiffs represent and have submitted a declaration of Conner Fennelly, the CEO of plaintiff Indiezone, declaring that eoBuy Ventures Limited is "a company formed under the laws of Ireland," which "has been doing business as eoBuy since August 2008…." (*Id.* p. 3; Fennelly Decl., ECF 54-1, ¶ 3.) The proposed amended complaint seeks to add the purported entity eoBuy Ventures Limited in place of the original plaintiff eoBuy, Limited, but it otherwise repeats and leaves unchanged all substantive allegations set forth in the original Complaint and basis for the claims of this "eoBuy" plaintiff. (*See id.*, pp. 2-3, and *compare* Compl., ECF 1, p. 1, caption & ¶ 26, *with* proposed amended complaint, ECF 57-1, Ex. A, p. 1, caption & ¶ 26.) Thus, in the proposed amended complaint, all background facts formerly attributed to eoBuy, Limited in the original complaint would now be attributed to the purported entity eoBuy Ventures Limited, even if those alleged facts occurred before eoBuy Ventures Limited was supposedly organized in 2008 and/or could only apply to the dissolved eoBuy, Limited entity. (*See, e.g.,* Compl., ECF 1, ¶¶ 77-80, 100-111, 122-124.)

Nonetheless, routine investigation of the public Irish Registrar reveals that the purported entity eoBuy Ventures Limited does not exist; <u>no such company was ever formed under the laws of Ireland as Plaintiffs and Mr. Fennelly now claim</u>. (*See* Supplemental Declaration of Brian Walker, "Supp. Walker Decl.," ECF 61, ¶¶ 3-4, Ex. A.)[3] Nor is there a record of any other entity organized

---

[3] The fact of eoBuy Ventures Limited's nonexistence is reflected in the public records of the Irish Registrar, and may also be independently verified by the Court by entering the name "eoBuy" into the Registrar's public website, available at www.cro.ie/search. (Supp. Walker Decl., ECF 61,

under the laws of Ireland with the term "eoBuy" as part of its name with the exception of the dissolved plaintiff eoBuy, Limited. (*Id.* ¶ 5, Ex. B.)[4] For this simple reason, the proposed amendment to add eoBuy Ventures Limited as a plaintiff would be futile because it too is non-existent and thus lacks capacity to sue.

While leave to amend under Rule 15(a) "shall be freely given when justice so requires," the prerogative is not limitless. "The power to grant leave to amend … is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (internal quotations omitted) (affirming denial of leave to amend based on futility). "However, each [factor] is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (denying leave to amend based on futility). Here, futility justifies the denial of Plaintiffs' motion for leave to amend because proposed plaintiff eoBuy Ventures Limited does not exist and thus cannot have capacity to sue. *Cf. In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2010 U.S. Dist. LEXIS 66466, at *36-39 (N.D. Cal. June 9, 2010) (denying leave to amend on futility grounds because corporation sought to be joined was dissolved and therefore lacked legal capacity to sue). This Court should deny Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, the Jingit Defendants respectfully ask this Court to deny Plaintiffs' Motion to Amend Their Summons and Complaint.

---

¶ 4.)

[4] The Irish Registrar also shows that Conor Fennelly recently registered the trade name "eobuy" on February 21, 2014, as doing business for an Irish company called "Laraghcon Chauffeur Drive Limited." (Supp. Walker Decl., ECF 61, ¶ 6, Ex. C.) Laraghcon Chauffeur Drive Limited appears to be a car service in Ireland also doing business under the trade name "Lucan Taxi." *See* www.lucantaxi.com.

DEFS.' MEM. IN OPP'N TO PLS.' MOT. TO
AMEND SUMMONS AND COMPLAINT                - 4 -
- Case No: 4:13-CV-04280 YGR/EDL                                                29764\4170236.1

|  |  |
|---|---|
| Dated: March 7, 2014 | **MASLON EDELMAN BORMAN & BRAND, LLP** |
|  | By:   /s/ Joseph P. Ceronsky<br>         Joseph P. Ceronsky (MN Bar No. 391059)<br>         (admitted *Pro hac vice*) |
|  | **ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, MUSIC.ME, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE II, TONY ABENA, CHRIS KARLS AND JOHN E. FLEMING** |

#1026217