| | |
|---|---|
| 1 | Seth D. Heyman, Esq.-Local Counsel |
| | 2600 Michelson Drive, |
| 2 | Suite 900, |
| 3 | Irvine, CA 92612. |
| | Tel: 888-710-2799 |
| 4 | Fax: 760-452-7714 |
| | e-mail sdh@heymanlegal.com |
| 5 | |
| 6 | Douglas R. Dollinger, Esq.–Pro Hoc Vice Bar No. NY |
| | 50 Main Street-Suite 1000 |
| 7 | White Plains, New York 10606 |
| | Tel.   845.915.6800 |
| 8 | Facs.  845.915.6801 |
| 9 | e-mail ddollingeresq@gmail.com |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company, | Case No: 3:13-cv-04280 YGR |
| Plaintiffs, | |
| vs. | |
| Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***; | |
| Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, ***Defendants in Negligence, and Aiding/Abetting***; | |
| Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary-Vicarious Infringement***, | |
| Defendants. | |

- 5 -

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO AMEND ITS SUMMONS AND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) and RULE 20(a)**

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."

Learned sources have also observed that:

> [P]ermission has been granted under Rule 15(a) at various stages of the litigation: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during and at the close of trial; after a judgment has been entered; and even on remand following an appeal. 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1488 at 652-57 (1990) (footnotes omitted).

Our Supreme Court, having ruled on the issue of granting amendments to pleadings, has declared:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., -- the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations omitted).

Because the Rule 15(a) requires compliance for pleading amendments as requesting new or additional parties Rule 20(a) of the Federal Rules of Civil Procedure governs a motion for a party to amend its pleadings.

The rule requires a court to "freely give leave when justice so requires." Id. R. 15(a)(2). Rule 15 "evinces a bias in favor of granting leave to amend." See, <u>Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863, 872 (5th Cir. 2000) (internal quotation marks and citations omitted). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" Id. (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 (Former 5th Cir. 1981. Parenthetically, this Court may also consider their consent to the amendment when considering whether to exercise it discretion to allow the amendment. See, Fed R. Civ. P. 15(a).

(a) PERSONS WHO MAY JOIN OR BE JOINED.
    (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; . . .

The Court is asked to consider the facts that no responsive pleading has been filed; that Plaintiff have complied with the prior order of the Court for service of the defendants Wal-Mart, General Electric, Target and their time to answer or otherwise move has not yet expired; the joint case management schedule does not yet exists but will be submitted in manner which will allow the Court to accommodate the amendment without delay; that under the circumstances no prejudice will occur to any of the parties by the amendment and that the amendment will only add clarity to the actual parties to the dispute.

In this case, Plaintiffs are seeking leave to amend the complaint where the amendment will only correct the identity of the Plaintiff eoBuy and ensure consistent verdict for conduct arising from the same set of facts and transactions.

Respectfully, under the circumstances this court may in its discretion grant Plaintiffs' Motion.

## Conclusion

For the foregoing reasons, and more particularly because no prejudice will result by allowing Plaintiff to amend the Complaint and add new parties, the Court in its discretion should grant Plaintiff's Motion.

Respectfully submitted this
1st day of April 2014

_____
DOUGLAS R. DOLLINGER, ESQ., P.C.
& Associates
Attorneys for Plaintiff
50 Main Street-Suite 1000
White Plains, New York 10606
Tele.  845.915.6800
Fax.   845.915.6801
**Bar No. N.Y.  2354926 Fed. No. 5922**

**Local and Co-Counsel for Service
of Notice and Mailing :**

/S/
_____
Seth D. Heyman, Esq., CA Bar No. 194120
2600 Michelson Drive, Suite 900
Irvine, CA 92612
Tel:  855-439-6628
Fax: 855-207-3967
Email: sdh@heymanlegal.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Rules of Federal Procedure, on the this date April 1, 2014, a true and correct copy of the foregoing document was delivered to Defendants, by and through the ECF System to their record counsel.

_____
DOUGLAS R. DOLLINGER, ESQ., P.C.
& Associates
Attorneys for Plaintiff
50 Main Street-Suite 1000
White Plains, New York 10606
Tele.  845.915.6800
Fax.   845.915.6801
**Bar No. N.Y.  2354926 Fed. No. 5922**