James W. Morando, CA Bar No. 87896
Deepak Gupta, CA Bar No. 226991
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: 415.954.4457
Facsimile: 415.954.4480
Email:  jmorando@fbm.com
Email:  dgupta@fbm.com

Keiko L. Sugisaka, MN Bar No. 266152 (*Pro hac vice*)
Joseph P. Ceronsky, MN Bar No. 391059 (*Pro hac vice*)
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: 612-672-8200
Facsimile: 612-672-8367
Email:  keiko.sugisaka@maslon.com
Email:  joseph.ceronsky@maslon.com

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE, II, TONY ABENA, CHRIS KARLS, JOHN E. FLEMING, AND MUSIC.ME, LLC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, ***Defendants in Negligence,*** | Case No:  4:13-CV-04280 (VC)<br>Hearing Date:  June 5, 2014<br>Hearing Time: 1:30 p.m.<br>Place: San Francisco Courthouse<br>Courtroom: 4, 17th Floor<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' [SECOND] MOTION TO AMEND THEIR SUMMONS AND COMPLAINT** |

*and Aiding/Abetting*;

Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, *Defendants in Negligence Secondary-Vicarious Infringement*,

Defendants.

## INTRODUCTION

Plaintiffs have now made two unsuccessful attempts to assert claims on behalf of an "eoBuy" entity that exists and has capacity to sue. Plaintiffs initially filed suit on behalf of "eoBuy, Limited." When Defendants demonstrated that this entity was dissolved and lacked capacity to sue, Plaintiffs sought to substitute a purported entity called "eoBuy Ventures Limited." When Defendants pointed out that no such entity existed, Plaintiffs claimed they had simply made a mistake and filed the instant motion.

While Plaintiffs' first two attempts could be charitably classified as careless mistakes, the current Motion, which now seeks to add "eoBuy Licensing Limited" as a plaintiff, reveals far more troubling actions by Plaintiffs. Contrary to the representations made to the Court by Plaintiffs and their CEO and principal, Conor Fennelly, "eoBuy Licensing Limited" was created just last month by Mr. Fennelly, shortly *after* Defendants moved to dismiss the dissolved Plaintiff eoBuy, Limited. Prior to becoming "eoBuy Licensing Limited," this company was not a software development company with any IP rights or connection to the allegations made in the Complaint in this case. Rather, it was an Irish taxi company since its incorporation in 2008, owned and run by others which had with no connection to Mr. Fennelly until this year. Moreover, to support their motion for leave to amend, Plaintiffs and Mr. Fennelly have backdated documents, violated Irish law and submitted declarations to this Court which contain false and misleading statements. Plaintiffs' efforts to create a viable entity after the fact to replace the dissolved Plaintiff eoBuy, Limited, are not only futile but are made in bad faith and constitute an affront to this Court and the judicial process. Because the

proposed amendment to add eoBuy Licensing Limited as a plaintiff to this lawsuit is futile, and also made in bad faith, this Court should deny Plaintiffs' Motion.

## PROCEDURAL HISTORY

### I. Plaintiffs' Original Motion to Amend Their Complaint to Add "eoBuy Ventures Limited."

The Complaint in this case was filed on September 16, 2013 on behalf of two named Plaintiffs, Indiezone, Inc. and "eoBuy, Limited." (ECF 1.) The Complaint alleges that Plaintiff eoBuy, Limited is a privately held Irish corporation with "approximately 30 shareholders" whose core business model is that of "licensing and deployment" of a "proprietary payment processing and content monetization platform" that allows "real-time settlement of fractional transactions in amounts less than .99 cents via the Internet for sales of digital content." (ECF 1, ¶¶ 7, 26.) On January 10, 2014, the Jingit Defendants[1] filed a motion to, *inter alia*, dismiss Plaintiff eoBuy, Limited because, as a dissolved Irish corporation, it lacks capacity to bring suit under governing Irish law. (Mot. of Defs. to Compel Arbitration, ECF 29, Sec. II; Declaration of Brian Walker ("Walker Decl."), ECF 30, ¶¶ 5-9, Exs. A & B.) In response, Plaintiffs *admitted* that eoBuy, Limited had dissolved in 2008 and therefore lacked capacity to bring suit. (Pls.' Mem. in Opp'n, ECF 54, p. 9; *see also* Declaration of Conor Fennelly ("Fennelly Decl."), ECF 54-1, ¶ 1.) Plaintiffs then attempted to cure this defect by filing a motion seeking leave to amend their Complaint to add a different Irish company—"eoBuy Ventures Limited"—as a plaintiff. (ECF 57.)

In support of that motion, Plaintiffs' CEO and principal Conor Fennelly submitted a declaration to the Court which stated that, before dissolving, eoBuy, Limited's intellectual property and licenses were assigned to "EoBuy's holding corporation Amdex, Pte." and "[s]everal months

---

[1] "Jingit Defendants" are Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver, Jingit, LLC, Jingit Holdings, LLC, Jingit Financial Services, LLC, Music.Me, LLC, Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis and Chris Karls. Defendants U.S. Bank, Target, General Electric and Wal-Mart also joined the Jingit Defendants' Motion to Dismiss. (ECF 35, 69 and 74.)

later … transferred back into the newly formed company eoBuy Ventures Limited….” (Fennelly Decl., ECF 54-1, ¶ 3.) Mr. Fennelly further represented that "eoBuy Ventures Limited "has been doing business as eoBuy since August 2008…." (*Id.* ¶ 4.) Plaintiffs' counsel explained that "CEO Fennelly did not understand the implications of simply using the name eoBuy and when he provided the name of the entities as Plaintiff did not advise this office of the actual name of the entity as the intended Plaintiff, eoBuy Ventures Limited." (Dollinger Decl., ECF 57-1, p. 3.) However, as Defendants demonstrated in their response brief (ECF 66), a simple search on the Irish Companies Registration Office public website revealed that the purported entity "eoBuy Ventures Limited" did not even exist. (*See* Supplemental Declaration of Brian Walker, "Supp. Walker Decl.," ECF 61, ¶¶ 3-4, Ex. A.) Thus, Defendants submitted that the motion for leave to amend the Complaint to add "eoBuy Ventures Limited" as a Plaintiff in lieu of eoBuy, Limited should be denied as indisputably futile.

**II. Plaintiffs' Current Motion for Leave to Amend the Complaint to Add "eoBuy Licensing Limited."**

In the face of this evidence, Plaintiffs did not file a reply brief in support of their original motion to amend their Complaint (ECF 57) nor did they withdraw that motion. Instead, Plaintiffs have now filed a separate, second motion requesting leave to amend their Complaint in which they *admitted* that the purported entity eoBuy Ventures Limited did not exist. (*See* Supplemental Declaration of Conor Fennelly ("Supp. Fennelly Decl."), ECF 84-3 & 90-2, ¶ 4 (filed in support of Pls.' Mot. to Amend Compl., ECF 84 & 90).)[2] In support of this second motion to amend their

---

[2] Plaintiffs' originally filed their motion to amend their Complaint to add eoBuy Licensing Limited on April 1, 2014 (ECF 84), noticing the hearing for April 22, 2014, in contravention of Local Rule 7-2(a). Plaintiffs subsequently filed a second motion to amend their Complaint to add eoBuy Licensing Limited on April 9, 2014, with a hearing set for May 19, 2014 (ECF 90). Plaintiffs filed the same Supplemental Declaration of Conor Fennelly with each filing (ECF 84-3 & 90-2). Defendants understand ECF 84 and 90 to be a single motion, but, to the extent they are different, this Opposition applies to both ECF 84 and 90. In addition, the May 19 hearing date was recently re-noticed to June 5 pursuant to this Court's April 17, 2014 Order Reassigning Case.

Complaint, Plaintiffs submitted a further declaration from their CEO and principal Mr. Fenelly which *now* claims that the correct entity is actually yet another Irish company, named "eoBuy Licensing Limited." (*Id.* ¶¶ 1-5.) Mr. Fennelly informs the Court that he "was previously under the belief that the name of the Company was eoBuy Ventures Limited and simply forgot that the Corporate Office of Registry of Ireland had not approved the name." (*Id.* ¶ 4.) Mr. Fennelly then tells the Court that he resolved the issue of the incorrect plaintiff name by simply checking his records: "In response to the inquiry from Plaintiffs' Counsel Mr. Dollinger [Mr. Fennelly] reviewed the Corporate filings. The Company is officially named eoBuy Licensing Limited and was registered under its former name in [sic] July 15, 2008." (*Id.*) That is, Plaintiffs now claim that, sometime in 2008, eoBuy, Limited transferred its intellectual property and licenses to the "newly formed company eoBuy Licensing Limited," which, according to Plaintiffs, "has been doing business as eoBuy since August 2008…." (*Id.* ¶¶ 3 & 5.)[3] In support of this claim, Mr. Fennelly provides the Court with a single printout from the Irish Companies Registration Office which suggests that "eoBuy Licensing Limited" has existed since July 15, 2008, and that Mr. Fennelly has been a director of this company since its incorporation. (*See* Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 4, Ex. A.) As they attempted to do with eoBuy Ventures Limited, Plaintiffs seek leave to add the entity eoBuy Licensing Limited in place of the original plaintiff eoBuy, Limited, and submit a proposed amended complaint attributing all background facts and substantive allegations to eoBuy Licensing Limited (*see* ECF 84-5, p. 8 of 26), even if those alleged facts occurred before eoBuy Licensing Limited was supposedly organized in 2008 and/or could only apply to the dissolved eoBuy, Limited entity. (*See, e.g.,* Compl., ECF 1, ¶¶ 77-80, 100-111, 122-124.)

---

[3] Mr. Fennelly states in his Supplemental Declaration that eoBuy *Licensing* Ltd. was dissolved on April 1, 2008. (Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 2.) Defendants assume Mr. Fennelly meant to say, as he did in his first declaration, that eoBuy, *Limited* dissolved in 2008. (*See* Declaration of Conor Fennelly, ECF 54-1, ¶ 2.)

### III. "eoBuy Licensing Limited" Did Not Exist Until Last Month After Mr. Fennelly Changed the Name of a Wholly Unrelated Taxi Company, Which Plaintiffs Now Claim Has Been Doing Business as "eoBuy" Since 2008 and has Capacity to Sue in This Lawsuit.

After receiving Plaintiffs' latest motion, Defendants conducted an investigation into eoBuy Licensing Limited, revealing a very different set of facts than those described in Mr. Fennelly's Supplemental Declaration. It is clear from this investigation that the facts presented by Plaintiffs are not accurate and that Mr. Fennelly has not been forthcoming to this Court or Defendants.  To the contrary, public records show that shortly before Plaintiffs filed the second motion to amend their Complaint to add eoBuy Licensing Limited as a plaintiff, Mr. Fennelly was busy filing changes to the corporate documents of an Irish taxi company in which he appears to have no prior connection to make it appear to be the purported software development company "eoBuy Licensing Limited."

Mr. Fennelly's representations to the Court regarding eoBuy Licensing Limited are nothing short of misleading. Mr. Fennelly makes an oblique statement in his Supplemental Declaration that eoBuy Licensing Limited "was registered under its *former* name in [sic] July 15, 2008." (Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 4) (emphasis added). While public filings available from the Irish Companies Registration Office show that eoBuy Licensing Limited indeed had a former name in 2008, those filings also show that this company referenced in Mr. Fennelly's Supplemental Declaration incorporated on July 15, 2008 was "Laraghcon Chauffeur Drive Limited." (Second Supplemental Declaration of Brian Walker ("Sec. Supp. Walker Decl."), ¶ 10, Ex. E.) This company's business, however, was not remotely related to software development. Laraghcon Chauffeur Drive Limited was established in 2008 "[t]o carry on the business of *taxi hire, limo hire and internet bookings*…." (*Id.* ¶ 11, Ex. F) (emphasis added). Each of this taxi company's annual returns from 2009 to 2013 were filed under the name "Laraghcon Chauffeur Drive Limited" and signed by its director Michael Byrne and secretary Teresa Byrne. (*Id.* ¶ 12, Ex. G.)  The company's 2011 and 2012 Directors' Reports and Financial Statements also confirm that its two directors,

Michael and Ciaran Byrne, were the only employees of the company. (*Id.* Ex. I.)

The first appearance of "eoBuy Licensing Limited" in the Irish Companies Registrar is from a string of filings made by Mr. Fennelly on February 6, 2014—*nearly a month after Defendants moved to dismiss eoBuy, Limited from this case because it had dissolved and lacked capacity to sue*. On February 6, 2014, Mr. Fennelly made three filings with the Irish Companies Registration Office:

- Mr. Fennelly changed the name of Laraghcon Chauffeur Drive Limited to "eoBuy Licensing Limited." (*Id.* ¶ 9, Ex. B.)

- Mr. Fennelly amended the Memorandum and Articles of Association of Laraghcon Chauffeur Drive Limited to change the company's objective from "[t]o carry on the business of taxi hire, limo hire and internet bookings" to "carry on the business of software development…." (*Id.* ¶ 14, Ex. J; *cf.* Ex. F.)

- Mr. Fennelly terminated directors Ciaran Byrne and Michael Byrne and named himself director of the company, and also terminated secretary Teresa Byrne and named himself secretary of the company. (*Id.* ¶ 12, Ex. H.)

Despite filing these changes on February 6, 2014, Mr. Fennelly backdated each of these documents to July 15, 2008—the date Laraghcon Chauffeur Drive was incorporated.  (*See id.* ¶ 9, Exs. B & C.) The Irish Companies Registration Office did not approve the name change until March 13, 2014, thus "eoBuy Licensing Limited" did not legally exist under the laws of Ireland until that date. (*Id.* ¶ 9, Ex. D.)

This publicly-available paper trail shows that Mr. Fennelly's *post hoc* solution to Defendants' motion to dismiss eoBuy, Limited was to take the existing taxi company Laraghcon Chauffeur Drive Limited, which he appears to have had no prior affiliation with, rename it "eoBuy Licensing Limited," change its objective to "software development," and make himself director and secretary. The documents also show that the statement in Mr. Fennelly's sworn declaration that, in *2008*, eoBuy, Limited's intellectual property and licenses were purportedly transferred to "the *newly formed* company eoBuy Licensing Limited" is simply untrue. (*Compare* Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 3, *with* Sec. Supp. Walker Decl., ¶ 9.) Likewise, Mr. Fennelly's representation in his

sworn declaration that "eoBuy Licensing Limited has been doing business as eoBuy since August 2008" is also patently false. (*Compare* Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 5, *with* Sec. Supp. Walker Decl., ¶ 9.) In fact, Laraghcon Chauffeur Drive Limited's filed and audited Directors' Reports and Financial Statements state that this company did not conduct any business whatsoever from its incorporation in 2008 through 2012. (Sec. Supp. Walker Decl., ¶ 13, Ex. I.)

Although Mr. Fennelly backdated his February 2014 filings to Laraghcon Chauffeur Drive Limited's incorporation date of July 15, 2008, those July 2008 effective dates are contrary with every public filing made by Laraghcon Chauffeur Drive Limited from July 2008 to January 2013. In every filing during that time, the company filed under the name "Laraghcon Chauffeur Drive Limited," and the filings were personally signed by its director Michael Byrne and secretary Teresa Byrne. (*Id.* ¶¶ 9-13, Exs. E, G & I.) Plaintiffs and Mr. Fennelly cannot credibly explain why, if the company's name was changed to eoBuy Licensing Limited in 2008, and Mr. Fennelly replaced Ciaran and Michael Byrne as director and Teresa Byrne as secretary in 2008, the company continued to make every filing from 2008 to 2013 under the name Laraghcon Chauffeur Drive Limited, signed by its director Michael Byrne and secretary Teresa Byrne.[4] Contrary to the 2008 effective dates that Mr. Fennelly placed on his February 6, 2014 filings, eoBuy Licensing Limited did not exist, and Mr. Fennelly was not a director or secretary, until 2014. (*Id.* ¶¶ 9 & 12, Exs. D & G.) These public records show that Mr. Fennelly's February 2014 filings, as well as his declarations in support of

---

[4] Moreover, Mr. Fennelly improperly attempted to change the original Memorandum and Articles of Association of Laraghcon Chauffeur Limited with respect to its shareholders. This company's original Memorandum and Articles show director Ciaran Byrne as its sole shareholder taking 100 shares of capital in the company. (*Id.* ¶ 15, Ex. F.) When Mr. Fennelly was required to submit a copy of the original Memorandum and Articles of Association with his February 2014 filing, Mr. Fennelly submitted a Memorandum and Articles of Association that showed himself as the sole shareholder with 100 shares. (*Id.* ¶ 16, Ex. K.) Under Irish law, however, Mr. Fennelly cannot change the original subscriber pages in this manner, and any change of shares requires filing a specific form with the Irish Registrar. (*Id.* ¶¶ 16-17.)

AMEND SUMMONS AND COMPLAINT         - 8 -
- Case No: 4:13-CV-04280 (VC)

Plaintiffs' pending motion to amend the Complaint, are a deceptive and brazen attempt to add a viable "eoBuy" plaintiff to this lawsuit.

Finally, in the opinion of Irish Barrister-At-Law, Brian Walker, who specializes in Irish Company law, examined the public records and conducted further investigation into this matter, Mr. Fennelly purchased Laraghcon Chauffeur Drive Limited *in 2014* from "Company Setup," an Irish business that sells "shelf companies" to persons in need of previously-incorporated companies. (*Id.* ¶¶ 22-23.) Mr. Walker further opines that Mr. Fennelly's apparent false statements on the company's 2014 filings, such as the July 2008 effective dates of the company's name and director changes, constitute a violation of Section 242 of the Companies Act 1990 under Irish law, which prohibits submission of false and misleading information to the Registrar of Companies. (*Id.* ¶ 24, Ex. L.)

Plaintiffs' fabrication of an eoBuy plaintiff for purposes of this lawsuit and repeated misrepresentations to this Court are evident and inexcusable. Plaintiffs' motion for leave to add eoBuy Licensing Limited to this lawsuit should be rejected by this Court in no uncertain terms.

## ARGUMENT

**I.    Plaintiffs' Proposed Amendment to Add EoBuy Licensing Limited as a Plaintiff Should be Denied Because it is Futile.**

While leave to amend under Rule 15(a) should be freely given, it "need not be granted when the proposed amendment is futile." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). "A proposed amended complaint is futile if it would be immediately subject to dismissal." *Id.* (citations omitted). Thus, the test applied "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citations omitted); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). Therefore, Plaintiffs' proposed amendment must be "'plausible on its face.'" *McCloskey v. Land Home Fin. Servs.*, No. 12-CV-02775 YGR, 2013 U.S.

Dist. LEXIS 19569, at *5 (N.D. Cal. Feb. 13, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Denial of the proposed amendment "may [also] be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Id.* (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Last, the "Court may consider matter that is subject to judicial notice - such as court filings and matters of public record - without converting a motion to dismiss into one for summary judgment." *Id.* at *2 n.1 (citing *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)).

Plaintiffs' attempt to substitute eoBuy Licensing Limited, which did not exist until last month, for eoBuy, Limited, which dissolved in 2008, is futile. The public records from the Irish Companies Registration Office show that eoBuy Licensing Limited has *not* been "doing business as eoBuy since August 2008" as Mr. Fennelly and Plaintiffs have represented. Rather, it did not legally exist until March 13, 2014—six months *after* Plaintiffs filed their Complaint in this suit. Instead, before March 2014, eobuy Licensing Limited was Laraghcon Chauffeur Limited, a taxi company that had not conducted any business since its incorporation, and in which Conor Fennelly had no interest in until he purchased the company earlier this year. It is therefore impossible that eoBuy, Limited transferred any purported intellectual property and licenses to the "newly formed company eoBuy Licensing Limited" in 2008 as Mr. Fennelly has stated.  Indeed, the public records of the corporate history of eoBuy Licensing Limited show that it could not have any legal rights relating to the allegations made in the Complaint (or to eoBuy, Limited), and that the factual background and substantive allegations previously attributed to eoBuy, Limited in the Complaint cannot simply now be attributed to eoBuy Licensing Limited.  For these reasons, Plaintiffs' proposed amendment, which seeks to add an entity that did not exist until six months after the Complaint was filed and was previously a dormant taxi company from 2008 to 2013, is implausible and devoid of any cognizable legal theory. Therefore, it is futile and should be denied.

## II. Plaintiffs' Proposed Amendment to Add EoBuy Licensing Limited as a Plaintiff Should be Denied Because it is Made in Bad Faith.

A court should deny leave to amend if the proposed amendment is made in bad faith or with dilatory motive. *Lockheed Martin*, 194 F.3d at 986; *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("[A]mendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories."); *Paz v. City of Aberdeen*, No. C13-5104 RJB, 2013 U.S. Dist. LEXIS 169037, at *12 (W.D. Wash. Nov. 25, 2013) ("Bad faith in filing a motion for leave to amend exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation."). Bad faith also exists when plaintiffs attempt frivolous amendments to try to save jurisdiction over a case. *Erum v. County of Kauai*, No. 08-00113 SOM-BMK, 2008 U.S. Dist. LEXIS 52272, at *11-12 (D. Haw. June 30, 2008) (finding proposed amendments were in bad faith because they were frivolous and designed solely to manufacture jurisdiction).

Plaintiffs' proposed amendment and the declarations and factual statements submitted to the Court by Mr. Fennelly in support of this request are the epitome of bad faith. Defendants' investigation and public documents show that on February 6, 2014—only *after* receiving Defendants' motion to dismiss original Plaintiff eoBuy, Limited on the basis that it was dissolved and lacked capacity to sue—Plaintiffs' principal Mr. Fennelly purchased a previously incorporated company and filed *new* paperwork with the Irish Companies Registration Office changing the name of this wholly unrelated taxi company to "eoBuy Licensing Limited."  Plaintiffs then filed the pending motion to amend their Complaint to substitute in eoBuy Licensing Limited for eoBuy, Limited—falsely claiming that it "has been doing business as eoBuy since August 2008…." (Supp. Fennelly Decl., ECF 84-3 & 90-2, ¶ 5.) Mr. Fennelly claims that he "simply forgot," and when he "reviewed the Corporate filings … [discovered that] [t]he Company is officially named eoBuy Licensing Limited…." (*Id.* ¶ 4.) The public filings show that these statements are untrue. Mr.

Fennelly did not "review" the corporate filings—he *made new* corporate filings during the course of the current motion practice in an attempt to save Plaintiffs' case from dismissal. Mr. Fennelly even backdated the documents in an apparent attempt to show that "eoBuy Licensing Limited" existed since July 2008, doing business as a software company with Mr. Fennelly as its director. At bottom, Plaintiffs have manufactured a proposed plaintiff that has no actual interest in this action and no standing to sue.  Plaintiffs' motion to amend their Complaint to add in eoBuy Licensing Limited as a plaintiff is not just frivolous, but is made in bad faith.[5] This alone is grounds for the denial of Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, the Jingit Defendants respectfully ask this Court to deny Plaintiffs' [Second] Motion to Amend Their Summons and Complaint.

Dated: April 23, 2014                    **MASLON EDELMAN BORMAN & BRAND, LLP**

                                         By:    /s/ Joseph P. Ceronsky
                                                Joseph P. Ceronsky (MN Bar No. 391059)
                                                (admitted *Pro hac vice*)

                                         **ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, MUSIC.ME, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE II, TONY ABENA, CHRIS KARLS AND JOHN E. FLEMING**

#1033404

---

[5] In fact, Defendants intend to bring a separate motion for sanctions pursuant to Civil L.R. 7-8.