James W. Morando, CA Bar No. 87896
Deepak Gupta, CA Bar No. 226991
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: 415.954.4457
Facsimile: 415.954.4480
Email:  jmorando@fbm.com
Email:  dgupta@fbm.com

Keiko L. Sugisaka, MN Bar No. 266152 (*Pro hac vice*)
Joseph P. Ceronsky, MN Bar No. 391059 (*Pro hac vice*)
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: 612-672-8200
Facsimile: 612-672-8367
Email:  keiko.sugisaka@maslon.com
Email:  joseph.ceronsky@maslon.com

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE, II, TONY ABENA, CHRIS KARLS, JOHN E. FLEMING, AND MUSIC.ME, LLC**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or | Case No:  4:13-CV-04280 (VC)<br>Hearing Date: June 5, 2014<br>Hearing Time: 1:30 p.m.<br>Place: San Francisco Courthouse<br>Courtroom: 4, 17th Floor<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION "REQUESTING AN ENLARGEMENT OF TIME TO SUBMIT A CORRECTED RESPONSE AND/OR RENEW THEIR RESPONSE TO THE DEFENDANTS' MOTIONS TO COMPEL ARBITRATION, DISMISS OR STAY THE PROCEEDINGS"** |

employees of Jingit LLC, **Defendants in Negligence, and Aiding/Abetting**;

Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, **Defendants in Negligence Secondary-Vicarious Infringement**,

Defendants.

## INTRODUCTION

Plaintiffs' original response to Defendants' motion to dismiss Plaintiff eoBuy, Limited for lack of capacity to sue admitted that eoBuy, Limited, as a dissolved company, lacked capacity but then argued that a different purported entity, "eoBuy Ventures Limited," was the correct plaintiff. Now, after also admitting that "eoBuy Ventures Limited" never existed, Plaintiffs seek to "renew" their response to Defendants' motion to include yet a third purported entity, "eoBuy Licensing Limited." This request should be denied because "eoBuy Licensing Limited" did not exist until last month, after Plaintiffs' CEO and principal purchased a dormant Irish taxi company with no relation to this case or the parties, changed its name from "Laraghcon Chauffeur Drive Limited" to "eoBuy Licensing Limited," changed its business objective from "taxi hire" to "software development," and backdated its corporate documents in an attempt to make it appear that this taxi company had been conducting a software business as "eoBuy" since 2008 with himself as the director. This deception provides no basis to allow Plaintiffs to renew their response to Defendants' motion or receive additional time to respond.

## PROCEDURAL HISTORY

Plaintiffs Indiezone, Inc. and eoBuy, Limited filed their Complaint on September 16, 2013. (ECF 1.) In response, on January 10, 2014, the Jingit Defendants[1] moved to, *inter alia*, dismiss the

---

[1] "Jingit Defendants" are Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver, Jingit, LLC, Jingit Holdings, LLC, Jingit Financial Services, LLC, Music.Me, LLC, Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis

named Plaintiff eoBuy, Limited because it is a dissolved Irish corporation and therefore lacks capacity to bring suit under governing Irish law. (Mot. of Defs. to Compel Arbitration, ECF 29, Sec. II; Decl. of Brian Walker ("Walker Decl."), ECF 30, ¶¶ 5-9, Exs. A & B.) Plaintiffs' response to this motion was originally due on January 24, 2014, (Civil L.R. 7-3(a)), but on that day Plaintiffs filed a motion for extension of time to respond until February 14, 2014 because they were "waiting for documents to be delivered from a foreign non-domestic jurisdiction in order to properly respond…." (Pls.' Mot., ECF 44; Dollinger Decl., ECF 45, p. 5 of 9.) Jingit Defendants did not oppose Plaintiffs' motion for additional time, (*see* Defs.' Resp., ECF 47) and the Court granted it, (Order, ECF 50).

When Plaintiffs ultimately filed their response, they admitted that eoBuy, Limited had dissolved in 2008 and therefore lacked capacity to bring suit. (Pls.' Mem. in Opp'n, ECF 54, p. 9; *see also* Decl. of Conor Fennelly ("Fennelly Decl."), ECF 54-1, ¶ 1.) Plaintiffs represented to the Court that they had accidentally sued on behalf of the wrong "eoBuy" entity, and that the correct entity was "eoBuy Ventures Limited." (Pls.' Mem. in Opp'n, ECF 54, p. 10.) Plaintiffs then filed a motion for leave to amend their Complaint to add "eoBuy Ventures Limited" as a plaintiff. (ECF 57.) However, as Defendants demonstrated in their reply in support of their original motion (ECF 60) and in their response to Plaintiffs' motion to amend their Complaint (ECF 66), a simple search on the Irish Companies Registration Office public website revealed that "eoBuy Ventures Limited" did not actually exist. (*See* Supplemental Decl. of Brian Walker, "Supp. Walker Decl.," ECF 61, ¶¶ 3-4, Ex. A.)

In the face of this evidence, Plaintiffs did not file a reply brief in support of their first motion seeking leave to amend their Complaint (ECF 57).[2] Instead, Plaintiffs filed a second, separate motion

---

and Chris Karls. Defendants U.S. Bank, Target, General Electric and Wal-Mart also joined the Jingit Defendants' Motion to Dismiss. (ECF 35, 69 & 74.)

[2] Mr. Dollinger's Declaration filed in support of Plaintiffs' instant motion to renew their response also refers to "enlarge[ing] their time to Reply to the Responses to its [first] Motion to Amend the Complaint for good cause." (Dollinger Decl., ECF 91-1, p. 2 of 4.) Plaintiffs' *motion*,

DEFS.' MEM. IN OPP'N TO PLS.' MOT. FOR
ENLARGEMENT OF TIME - 3 -
- Case No: 4:13-CV-04280 (VC)

for leave to amend their Complaint in which they admitted that eoBuy Ventures Limited also did not exist. (*See* Supplemental Decl. of Conor Fennelly ("Supp. Fennelly Decl."), ECF 84-3 & 90-2, ¶ 4 (filed in support of Pls.' Mots. to Amend Compl., ECF 84 & 90).)[3] In this second motion to amend their Complaint, Plaintiffs claimed that the correct eoBuy entity is actually yet another Irish company, "eoBuy Licensing Limited." (*Id.* ¶¶ 1-5.) Mr. Fennelly represented to the Court that he "simply forgot" and discovered the true name of the correct entity by "review[ing] the Corporate filings." (*Id.* ¶ 4.) Plaintiffs now represent that, sometime in 2008, eoBuy, Limited transferred its intellectual property and licenses to the "newly formed company eoBuy Licensing Limited," which, according to Plaintiffs, "has been doing business as eoBuy since August 2008…." (*Id.* ¶¶ 3 & 5.) In addition to filing their second motion for leave to amend their complaint to add "eoBuy Licensing Limited," Plaintiffs also filed the instant motion to "renew" their response to Jingit Defendants' original motion to, *inter alia*, dismiss eoBuy, Limited for lack of capacity to sue. (ECF 91.) Plaintiffs purportedly wish to add to their response that "eoBuy Licensing Limited is and was the intended Plaintiff in these proceedings." (*Id.* ¶ 1.) Plaintiffs rely on the identical representations of Mr. Fennelly regarding eoBuy Licensing Limited in support of this motion, as his Supplemental Declaration filed in support of the instant motion (ECF 91-2) contains identical representations and statements of fact as those filed in support of Plaintiffs' second motion for leave to amend their Complaint (ECF 84-3 & 90-2).

---

however, makes no mention of allowing Plaintiffs more time to file a reply in support of their first motion to amend their Complaint, which was due on March 14, 2014. Further, such a reply would appear to be moot, as Plaintiffs' first motion to amend the Complaint sought to add "eoBuy Ventures Limited" (ECF 57), and their second motion to amend the Complaint (ECF 84 & 90) admits this entity does not exist.

[3] Plaintiffs' originally filed their motion to amend their Complaint to add eoBuy Licensing Limited on April 1, 2014 (ECF 84), noticing the hearing for April 22, 2014, in contravention of Local Rule 7-2(a). Plaintiffs subsequently filed a second motion to amend their Complaint to add eoBuy Licensing Limited on April 9, 2014, with a hearing set for May 19, 2014 (ECF 90.) Plaintiffs filed the same Supplemental Declaration of Conor Fennelly with each filing (ECF 84-3 & 90-2). Defendants understand ECF 84 and 90 to be a single motion.

## ARGUMENT

**The Court Should Deny Plaintiffs' Motion Because it is Untimely, Unsupported, Futile and Made in Bad Faith.**

Plaintiffs' motion is untimely, unsupported, futile and made in bad faith. As an initial matter, Plaintiffs' motion is untimely and procedurally improper. Civil Local Rule 7-3(d) does not allow additional filings after a reply is filed. Here, Jingit Defendants filed their Reply in support of their original motion on March 3, 2014; Plaintiffs then filed the current request to "renew" their response over a month later. (Defs.' Reply, ECF 60.) Plaintiffs also do not provide a valid basis for supplementing their response brief beyond their claim that they twice "simply forgot" the "official[]" name of their own plaintiff. (*See* Supp. Fennelly Decl., ECF 84-3, 90-2 & 91-2, ¶ 4.) Where there is no legitimate excuse for untimely, supplementary filings, they should not be considered. *See Guerrero v. Pepsi Bottling Group, Inc.*, No. C-06-06026 RMW, 2007 U.S. Dist. LEXIS 3076, at *5 (N.D. Cal. Jan. 3, 2007) (striking supplemental response memorandum pursuant to Civil L.R. 7-3(d) where "[t]here [wa]s no apparent excuse for [the] late filing…."). Plaintiffs' purported forgetfulness regarding which of its purported companies exists and is an appropriate party to this lawsuit is simply not a valid excuse, and Plaintiffs' motion should therefore be denied.

Further, Plaintiffs' attempt to substitute "eoBuy Licensing Limited" as the "intended" plaintiff is both futile and made in bad faith. As demonstrated in Jingit Defendants' Opposition to Plaintiffs' second motion for leave to amend their Complaint to add eoBuy Licensing Limited (filed simultaneously herewith at ECF 94[4]), eoBuy Licensing Limited has *not*, as Plaintiffs claim, "been doing business as eoBuy since August 2008." (*See* Supp. Fennelly Decl., ECF 84-3, 90-2 & 91-2, ¶ 5.) Rather, eoBuy Licensing Limited did not even *exist* until March 13, 2014. (Second

---

[4] Jingit Defendants' Opposition to Plaintiffs' motion for leave to amend their Complaint to add "eoBuy Licensing Limited," filed simultaneously herewith, establishes the corporate history of Laraghcon Chauffeur Drive Limited (renamed "eoBuy Licensing Limited") in full detail. For sake of efficiency, Defendants refrain from repeating the full factual history herein and refer the Court to that memorandum.

Supplemental Declaration of Brian Walker ("Sec. Supp. Walker Decl."), ECF 95, ¶ 9, Ex. D.) Public records available from the Irish Companies Registration Office show that, in February of this year—the month *after* Jingit Defendants moved to dismiss the dissolved eoBuy, Limited—Mr. Fennelly purchased a dormant taxi company with no relation to the parties in this case or the allegations in the Complaint, changed its name from "Laraghcon Chauffeur Drive Limited" to "eoBuy Licensing Limited," changed its objective from "taxi hire" to "software development," and made himself director and secretary. (*See id.* ¶¶ 8-22, Exs. B-G.) Plaintiffs' attempt to add as a plaintiff a wholly unrelated entity that it created just last month is both futile and made in bad faith. Therefore, this Court should deny Plaintiffs' motion.

Alternatively, if the Court does grant Plaintiffs' motion to renew their response, Jingit Defendants respectfully request the opportunity to file a supplemental reply memorandum to Plaintiffs' renewed response.

## CONCLUSION

For the foregoing reasons, the Jingit Defendants respectfully ask this Court to deny Plaintiffs' Motion to Renew Their Response to Defendants' Motion to Compel Arbitration with Indiezone, Inc., Dismiss eoBuy, Limited and Stay all Remaining Proceedings.

Dated: April 23, 2014                           **MASLON EDELMAN BORMAN & BRAND, LLP**

By:   /s/ Joseph P. Ceronsky
      Joseph P. Ceronsky (MN Bar No. 391059)
      (admitted *Pro hac vice*)

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, MUSIC.ME, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE II, TONY ABENA, CHRIS KARLS AND JOHN E. FLEMING**