Douglas R. Dollinger (*pro hac vice*) (NY Bar No. 2354926)
Law Offices of Douglas Dollinger
50 Main Street Suite 1100
White Plains, NY 10606
Telephone:    845-915-6800
Facsimile:    845-915-6801
E-mail:       ddollingeresq@gmail.com

Seth D. Heyman (CA Bar No. 194120CA)
Heyman Law Offices
Suite 900
2600 Michelson Drive
Irvine, CA 92612
Telephone:    855-439-6628
Facsimile:    855-407-7714
E-mail:       sdh@heymanlegal.com
*Attorneys for Plaintiffs Indiezone, Inc. and eoBuy Licensing Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANSICO DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br>         Plaintiffs,<br><br>    vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the **RICO Defendants**;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, **Defendants in Negligence, and Aiding/Abetting**;<br><br>Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary-Vicarious Infringement***,<br><br>         Defendants. | **Case No:  3:13-cv-04280 VC**<br><br>**PLAINTIFFS' REPLY TO "DEFENDANTS' OPPOSITION" TO PLAINTIFFS' OPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO REPLY TO DEFENDANTS' RESPONSE TO MOTION TO AMEND COMPLAINT AND DEFENDANTS' RESPONSE TO MOTION REQUESTING AN ENLARGEMENT OF TIME TO SUBMIT A CORRECTED RESPONSE TO THE DEFENDANTS' MOTIONS TO COMPEL ARBITRATION, DISMISS OR STAY THE PROCEEDINGS**<br><br>Courtroom: 4, 17th Floor<br>District Judge Vince Chhabria |

*Plaintiffs' Reply to "Defendants' Opposition" to Plaintiffs' Opposed Motion for an Enlargement of Time to Reply to Defendants' Response to Motion to Amend Complaint and Defendants' Response to Motion Requesting an Enlargement of Time to Submit a Corrected Response to the Defendants' Motions to Compel Arbitration, Dismiss or Stay the Proceedings*

## ARGUMENT

**1. Civil Local Rule 7-3(d) allows additional filings with approval from the Court.**

As Plaintiffs stated in their original motion, the Defendant erroneously states that "Civil Local Rule 7-3(d) does not allow additional filings after a reply is filed." Civil Local Rule 7-3(d) specifically states: "Once a reply is filed, no additional memoranda, paper or letters may be filed without prior Court approval[.]" Contrary to the Defendants' contention, it is within the Court's discretion to allow additional filings. Plaintiff stand by their argument and right to supplement.

**2. Defendants deliberately attempted to force Plaintiffs to violate the Courts Standing Order**

The Defendants also contend that Plaintiffs request be denied because the Court's Standing Order states that any request for an extension of a filing deadline be filed no later than 72 hours prior to the deadline. (Order, ¶ 7.) Plaintiffs' counsel operates in Charlotte, North Carolina which is in the Eastern Standard Time Zone. The Defendants filed a number of their responses on April 23, 2014 at approximately 4:30pm Eastern Standard Time. As such, not only did that leave Plaintiffs only two business days to complete their replies before having to make a timely request in compliance with the Court's Standing Order, but that request would have to had to have been made on Sunday, April 27, 2014, as Defendants stated.

Although a good faith effort was made by Plaintiffs' counsel to comply with the Court's Standing Order, the inability of the staff in small office to meet the deadline became clear on Monday, April 28, 2014, at which time Plaintiffs' counsel contacted Defendants' counsel requesting a stipulation for an extension of time. Defendants' refused the request on the grounds that they, not the Court, deemed that the Plaintiffs have acted in bad faith. Plaintiffs' counsel continued to attempt to meet the filing deadline despite the lack of cooperation from Defendants' counsel until it became apparent that, due to the time needed to contact the Plaintiffs in Ireland to investigate the Defendants' hearsay-laden claims and the conclusory statements alleged by Barrister Brian Walker, combined with the number of responses due within a short period of time, it became necessary to request an enlargement of time from the Court. Plaintiffs were therefore forced to file an extension of time on Wednesday, April 30th, 2014.

2

*Plaintiffs' Reply to "Defendants' Opposition" to Plaintiffs' Opposed Motion for an Enlargement of Time to Reply to Defendants' Response to Motion to Amend Complaint and Defendants' Response to Motion Requesting an Enlargement of Time to Submit a Corrected Response to the Defendants' Motions to Compel Arbitration, Dismiss or Stay the Proceedings*

The Plaintiffs contend that Defendants deliberately attempted to overburden Plaintiffs' counsel within a short time period so that Plaintiffs would not be able to conduct a thorough investigation into Defendants' claims hoping that the Court would then rule in their favor procedural grounds instead of substantively.

**3.   Defendants' claim that Plaintiffs' Motion is Untimely, Unsupported, Futile and Made in Bad Faith is False**

The Plaintiffs also stand by their arguments in the original motion:

<u>Brian Walker's Declaration is Insufficient to Prove Bad Faith</u>

Apart from a recital of legitimate corporate filings by the Plaintiffs, Mr. Walker's declaration is nothing more than a collection of his interpretations and supposition pertaining to those filings:

> "From my examination of the records and research, <u>it would appear</u> that this company, eoBuy Licensing Limited, was incorporated by a company formation agent as a taxi hire company and never traded although it did file annual returns.**" [DE 95 at ¶21]**

Mr. Walker fails to point out that the document he refers to contains (20) twenty broadly defined objects for which the Company was established with taxi hire being only one of them. **[DE 95-6]**. He also provides no evidence that the Plaintiff did not transfer assets to this entity as Plaintiff contends. See *Declaration of Conor Fennelly* **[DE 85-2 at ¶3].**

> "Laraghcon Chauffeur Drive Limited <u>appears to have been</u> incorporated contrary to Section 42 in that <u>it may have</u> originally been incorporated for a particular purpose for the Byrnes, <u>but appears that</u> this purpose never materialized and that company was put on the shelf and sold back to somebody else, the Fennelly's for another purpose six years later in February 2014." **[DE 95 at ¶23].**

Here, Mr. Walker offers more of his own conclusions and supposition as facts for the Court. Mr. Walker specifically states: "Laraghcon Chauffeur Drive Limited was originally incorporated by a company formation agent called Private Research Ltd. or Colliemore House, […] These company formation agents now trade under the name of Company Setup and following from the recent telephone enquiry to their office, they informed me that they sell shelf companies, that is a company

3

that has already been registered, and in particular they were able to confirm to me that they had an old shelf company going back to pre-2008[.]" **[DE 95 at ¶22].**

Nothing from this hearsay-laden statement is evidence that: 1) Laraghcon Chauffeur Drive Limited was sold to Company Setup; 2) the pre-2008 shelf company Walker referred to is Laraghcon Chauffeur Drive Limited; and 3) the Plaintiffs bought Laraghcon Chauffeur Drive Limited from Company Setup. Were such facts known to Mr. Walker he could have simply stated that in his declaration. He did not, however, because he has no evidence whatsoever that Laraghcon Chauffeur Drive Limited was bought from or sold to Company Setup or anyone else. Defendants' reliance on this unproven "theory" is therefore insufficient to establish bad faith on the part of the Plaintiffs.

**4. Plaintiffs' Corporate Filings Were to Correct Defects in a De Facto Corporation**

The Plaintiffs' filings were nothing more than the correction of defects in a de facto corporation. California courts have held that "[w]hen the Articles of Incorporation were defective, but the corporation carried on business under them for a number of years, when the defect was discovered and new articles were filed to cure the defect, the new corporation thus formed is a continuation of the existing de facto corporation, and the two incorporations are in reality identical." *See McCann v. Children's Home Society*, 176 Cal. 359, 54 Cal. Dec. 476, 168 Pac. 355.

Also under California law and which may be of interest to the Court is that "[i]n litigation between private parties the court may not inquire into the legal existence of a corporation which is acting under a charter which the Secretary of State has accepted for filing under the provisions of the General Corporation Law." (See San Ysidro Irr. Dist. v. Superior Court, 56 Cal.2d 708, 715 [16 Cal.Rptr. 609, 365 P.2d 753]; Westlake Park Inv. Co. v. Jordan, 198 Cal.609, 616 [246 P. 807]; McCann v. Children's Home Society, 176 Cal. 359, 363 [168 P. 355]; Los Angeles Holiness Band v. Spires, 126 Cal. 541, 544 [58 P. 1049]; Stubbs v. Jones, 121 Cal.App.2d 218, 222 [263 P.2d 100]; 16A Fletcher, Cyclopedia Corporations (perm. ed., 1962 rev.) 8077, 8098; Ballantine & Sterling, Cal. Corporation Laws (4th ed.) 40, 41.) Although eoBuy Licensing Limited was formed in Ireland, the court may still find California law applicable in this case.

4

*Plaintiffs' Reply to "Defendants' Opposition" to Plaintiffs' Opposed Motion for an Enlargement of Time to Reply to Defendants' Response to Motion to Amend Complaint and Defendants' Response to Motion Requesting an Enlargement of Time to Submit a Corrected Response to the Defendants' Motions to Compel Arbitration, Dismiss or Stay the Proceedings*

## CONCLUSION

Based on the arguments above, the Plaintiffs respectfully request the Court to grant the instant motion for an enlargement of time.

Dated: May 12, 2014        **LAW OFFICES OF DOUGLAS R. DOLLINGER**

By:   /S/
       Douglas R. Dollinger (*pro hac vice*)
       NY Bar No. 2354926
       Law Offices of Douglas Dollinger
       50 Main Street Suite 1100
       White Plains, NY 10606
       Telephone: 845-915-6800
       Facsimile: 845-915-6801
       E-mail: ddollingeresq@gmail.com
       *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, I electronically filed the foregoing document with

*Plaintiffs' Reply to "Defendants' Opposition" to Plaintiffs' Opposed Motion for an Enlargement of Time to Reply to Defendants' Response to Motion to Amend Complaint and Defendants' Response to Motion Requesting an Enlargement of Time to Submit a Corrected Response to the Defendants' Motions to Compel Arbitration, Dismiss or Stay the Proceedings*

the Clerk of the Court by using the ECF system for filing and served the Counsel appearing for all parties to these proceedings.

/S/_____
Douglas R. Dollinger, Esq.
Pro Hoc Vice Bar No. NY 2354926
*Law Office of Douglas R. Dollinger, P.C.*
*& Associates*
50 Main Street-Suite 1000
White Plains, New York 10924
Telephone: (845) 915-6800
Facsimile: (845) 915-6801
E-mail: ddollingeresq@gmail.com
*Attorney for Plaintiffs*

***Plaintiffs' Reply to "Defendants' Opposition" to Plaintiffs' Opposed Motion for an Enlargement of Time to Reply to Defendants' Response to Motion to Amend Complaint and Defendants' Response to Motion Requesting an Enlargement of Time to Submit a Corrected Response to the Defendants' Motions to Compel Arbitration, Dismiss or Stay the Proceedings***