Douglas R. Dollinger (*pro hac vice*) (NY Bar No. 2354926)
Law Offices of Douglas Dollinger
50 Main Street Suite 1000
White Plains, NY 10606
Telephone:     845-915-6800
Facsimile:     845-915-6801
E-mail:        ddollingeresq@gmail.com

Seth D. Heyman (CA Bar No. 194120CA)
Heyman Law Offices
Suite 900
2600 Michelson Drive
Irvine, CA 92612
Telephone:     855-439-6628
Facsimile:     855-407-7714
E-mail:        sdh@heymanlegal.com
*Attorneys for Plaintiffs Indiezone, Inc. and eoBuy Licensing Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANSICO DIVISION**

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of Jingit LLC, ***Defendants in Negligence, and Aiding/Abetting***;<br><br>Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary-Vicarious Infringement***,<br><br>Defendants. | **Case No: 3:13-cv-04280 VC**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS**<br><br>Courtroom: 4, 17th Floor<br>District Judge Vince Chhabria |

## INTRODUCTION

Before the Court is Defendants' motion seeking sanctions against Plaintiffs and Plaintiffs' counsel, pursuant to 28 U.S.C. §1927. The claim for relief rest on the court's direction in applying it inherent powers for improper conduct.

The Arguments rest on Defendants' allegations that "Plaintiffs and their CEO and principal, Conor Fennelly, have submitted declarations to this Court containing demonstrably false and misleading statements and representations" and that "Plaintiffs'–Counsel's conduct in submitting these sworn declarations was made in bad faith in order to achieve a litigation objective of preserving Plaintiffs' claims in this lawsuit." **[DE 104].**

The allegation continue and further claim that Plaintiffs' counsel's conduct in endorsing and relying on the false and misleading factual statements and representations presented by way of Mr. Fennelly's Decelarations in support of the motions, "without any apparent verification and despite readily available evidence to the contrary, was reckless and served only to improperly prolong and multiply these proceedings via Plaintiffs' continual but meritless motion practice." **[DE 104].**

Notwithstanding the fundamental failure of the arguments, for the reason that Defendants lack the factual basis for bringing their motion, together with misapplied case law as provided in their brief, although attempted the arguments fail to liken to the facts in this case, and far worse have deliberately withheld or distorted the case law in meandering serious of arguments designed to avoid having the Court recognize that the proper remedy for the claims of wrongdoing was to file their motion for sanctions under Fed. R. Civ. P. Rule 11.  By reason of the approach taken Defendants were well aware that the motions were designed to avoid the (21) day safe harbor relief afforded to address alleged errors and/or claims of wrongdoing.

## ARGUMENTS

### Sanctions Are Not Applicable - Because The Plaintiff Has Not Acted In Bad Faith

"Bad faith is required for sanctions under the court's inherent power." Fink v. Gomez, 239 F.3d 989, 993 (9th Cir.2001).   "Bad faith is present when an attorney knowingly or recklessly raises a *frivolous* argument[.]" Keegan, 78 F.3d at 436.  "For sanctions to apply, if a filing is submitted

recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.... [R]eckless non-frivolous filings, without more, may not be sanctioned." Id.

Defendants allege that the legal and proper filing of corporate documents by Conor Fennelly is a fabrication in which Mr. Fennelly sought to make false and misleading statements to the court for the purpose of manufacturing a plaintiff party. **[DE 104]**

In support to the claim for wrongdoing, Defendants compare three cases in support of their claim: *Emma C. v. Eastin,* No. C-96-4179 THE, 2001 U.S. Dist. LEXIS 16119, at *5-8 (N.D. Cal. Oct. 4, 2001), *Nanak Found. Trust,* 2012 U.S. Dist. LEXIS 16376, at *9-11, and *Mercury Serv. v. Allied Bank,* 117 F.R.D. 147, 158 (C.D. Cal. 1987).

For the reasons to follow this Court should reject these arguments and the application of the case law presented to the facts in this case for the reason that they fail to parallel with facts in this case.

*Emma C. v. Eastin*

Turning first to *Emma C. v. Eastin*, in that case plaintiff's counsel submitted to defendants a proposed settlement agreement purportedly containing the plaintiff party's genuine signature when the signature was not, in fact, the plaintiff party's signature. *Emma C. v. Eastin*, No. C-96-4179 THE, 2001 U.S. Dist. LEXIS 16119, at *5-8 (N.D. Cal. Oct. 4, 2001)(noting that "[f]abricating documentary evidence is a litigation abuse" and ordering further proceedings to determine sanctions under court's inherent powers or Rule 11 based on "doctored" petitions submitted to the court and later withdrawn once falsification raised). The Court in *Emma C.* found the plaintiff's actions, "a serious matter because its very nature threatens the integrity of the judicial process." *Id.* at *6 (citation and internal quotation marks omitted).

The Defendants attempt to equate these facts with the facts in the instant matter fails because none of the documents filed with the Irish Registry and submitted to the Court in support of Mr. Fennelly's Declaration **[DE 91-2]** are "fabrications". They are the actual, legal and proper corporate filings of Mr. Fennelly authenticated by his signature. The Defendants hope to mislead the Court into believing that the Defendants' "theory" - that Mr. Fennelly's filings are fraudulent in nature - make the filings "fabrications" and therefore subject to sanctions under the Court's inherent power to

...

sanction under *Emma C*.  This would be a significant departure from the facts in *Emma C.* upon which the court relied and for the further reason that the was no intent to hides the late filings and in fact the opposite is true, the Court should reject this analogy.

<u>Nanak Found. Trust</u>

Next addressing *Nanak Found. Trust*, 2012 U.S. Dist. LEXIS 16376, at *9-11, in this case the court ordered "plaintiff to show cause why sanctions should not issue under Rule 11, § 1927 or the court's inherent powers when plaintiffs submitted misleading information by 'omitting the second page of an exhibit to the verified complaint that serve[d] to exonerate Defendants from the wrongdoing alleged in the complaint and in Plaintiff's TRO application' and inferring bad faith when omitted page was available to plaintiff."

Here again, the Defendants attempt to equate the Nanak facts to the facts in this case, and again the application must fails because Mr. Fennelly did not omit any part of his filings with the Irish Registry which he submitted to the Court.  As stated above, the documents were filed legally and properly to cure defects in a de facto corporation and submitted in their entirety to the Court. **[**See Declaration of Douglas Dollinger **DE 107 at ¶ 29].** The Court should therefore reject this analogy as well.

<u>Mercury Serv. v. Allied Bank</u>

Finally, and perhaps most disturbing, is the third case Defendants rely on, *Mercury Serv. v. Allied Bank*, 117 F.R.D. 147, 158 (C.D. Cal. 1987). In *Mercury*, "[t]he district court determined its jurisdiction over Allied and awarded Mercury $3,000 in sanctions against both Allied and its counsel based on Allied's submission of the Eldred declaration…Mr. Eldred's Declaration misled the plaintiffs into believing that Mr. Eldred was the person within Allied Bank who should be deposed to discover the facts concerning the bank's contacts with California…The declaration falsely stated that it was based on personal knowledge and contained other misleading representations concerning Allied's contacts with California." *Id*.

In the instant case, Mr. Fennelly did not deceive the Defendants as to who he is nor was it false that his declaration was based on personal knowledge.  Defendants once again fail to equate the facts of the case law to the facts of the instant case.

4

*Plaintiffs' Response To Defendants' Motion For Sanctions Under 28 U.S.C § 1927 And The Court's Inherent Powers*

But perhaps of even greater concern to the Court may that the Defendants deliberately failed to inform the Court in their brief that Mercury was not awarded sanctions under the court's inherent power or §1927, but under Rule 11.

Fed.R.Civ.P. Rule 11 provides that if a party or an attorney files a paper which is not "well grounded in fact," the court "shall impose ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing, ... including a reasonable attorney's fee."  Rule 11 also "provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party.'" *United States ex rel. Leno v. Summit Constr. Co.,* 892 F.2d 788, 791 n. 4 (9th Cir.1989) (quoting Schwarzer, Sanctions Under the New Federal Rule 11--A Closer Look, 104 F.R.D. 181, 185 (1985)).  In *Mercury*, the plaintiff was not awarded compensatory damages.

With the foregoing in mind, the only plausible explanation for the failure to advise the Court of the *Mercury* holding is that the Defendants were concerned that the if the Court found sanctions applicable, then the Court would follow suit with the decision in *Mercury* and similarly find that Rule 11 should be applied.

This would obviously present a problem for the Defendants because they did not and could not move for Rule 11 sanctions.  To do so would have required them to abide by Rule 11's safe harbor provisions affording the Plaintiffs (21) days to address the alleged misconduct prior to filing their Rule 11 motion. Fed R. Civ. P. Rule 11(c)(2).  It is clear that the Defendants were attempting to avoid this.

Based on the arguments presented above, the Court should deny the Defendants' Motion for Sanctions under the court's inherent power.

**Sanctions Are Not Applicable Under 28 U.S.C. § 1927 Because Plaintiff's Counsel Has Not Been Reckless**

Defendants claim that "Plaintiff's counsel's continual efforts to add an eoBuy plaintiff to this litigation were at least reckless because the motion to amend the Complaint was frivolous and clearly made without any meaningful inquiry by counsel." **[DE 104].**

**Plaintiffs May Properly Add An eoBuy Party**

Under Irish law, Section 311 of the Companies Act, 1963 allows companies dissolved as a result of being struck off the Register of Companies to be restored within a period of twenty years

and the date of restoration relates back to the date of dissolution. Companies Act, 1963 Section 311 (Ireland).

Barrister Brian Walker, employed by the Defendants, failed to inform the Court of this in his declaration to the Court on April 23, 2014. **[DE 95]** Clearly, Plaintiff's counsel made a meaningful inquiry into these issues because counsel immediately discovered Barrister Walker's omission. Nevertheless, it remains clear that the addition of an eoBuy plaintiff is proper in this case and not "reckless" or "frivolous" as Defendant claims.

### The Ninth Circuit Requires More Than Recklessness Under 28 U.S.C. § 1927

Not only was Plaintiff's counsel's conduct not "reckless", this circuit has held that § 1927 requires more. "[O]ur cases have been less than a model of clarity regarding whether a finding of mere recklessness alone may suffice to impose sanction for attorneys' fees under § 1927… or whether there must be a finding of subjective bad faith." (internal citations and quotation marks omitted.) *In Re Girardi*, 611 F.3d 1027 (9th Cir. 2010). "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough…For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.... [R]eckless non-frivolous filings, without more, may not be sanctioned.") *Id.*

**Plaintiff's Counsel's Filing Was Not Frivolous**

A "frivolous" filing is one "that is both baseless and made without a reasonable and competent inquiry." See *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) "[I]n the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *Id.* citing *Cf.* Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 27 (3d ed.2000) (discussing frivolousness in the context of the court's inherent powers to sanction bad-faith conduct).

In *Girardi*, the Ninth Circuit held that "[r]espondents' factual contentions were so weak—they were baseless and made without reasonable and competent inquiry—that they provide objective evidence of improper purpose…[where] Respondents, in their briefs to the Ninth Circuit, falsely stated that the Writ of Execution issued by the Nicaraguan court named Dole Food Company, Inc. as a judgment debtor…[and] Respondents affirmatively knew that the statements were false." *Id.*

In the instant case, the Defendants have provided no evidence whatsoever that Plaintiff's counsel made statements to the Court while affirmatively knowing those statements were false. In fact, Plaintiff's counsel does not agree with Defendant's "theory" that such statements are false as explained in the Declaration of Douglas Dollinger **[DE 107 at ¶¶ 9-31].**

As for conducting a competent and reasonable investigation, the Defendants contradict themselves in stating that a mere internet search would have easily determined the existence of a company in Ireland while at the same time claiming they had to hire foreign counsel Barrister Brian Walker to conduct the same investigation, for which they now seek reimbursement of costs.

In *Girardi*, the Ninth Circuit found that counsel failed to conduct a competent and reasonable investigation where "[counsel] knew in January 2003 that the Judgment was not against Dole Food Company[,]…Despite this knowledge, [counsel] told the Ninth Circuit that Dole Food Company was named in the Judgment; he justifies this action by arguing that he relied on Gutierrez, a nonlawyer, who told him that the Judgment had been corrected. [Counsel] knew firsthand that Gutierrez was untrustworthy, yet [counsel] engineered years of litigation… based solely on the assurances of Gutierrez—assurances which ran contrary to his own independent knowledge." *Id*.

Here, Plaintiff's counsel does not maintain that the statements by Mr. Fennelly are false. Consequently, Plaintiff's counsel has not made any statements to the Court knowing such statements were false. In addition, the Defendants have not shown that Plaintiff's counsel had firsthand knowledge that Mr. Fennelly is untrustworthy nor has Defendants shown that Mr. Fennelly made any assurances that run contrary to Plaintiff's counsel's independent knowledge. Therefore, under *Girardi*, the Court should not find that Plaintiff's counsel failed to conduct a competent and reasonable investigation.

Based on the arguments presented above, the Court should not grant the Defendants' Motion for Sanctions under 18 U.S.C § 1927.

## **CONCLUSION**

Defendants have failed to show that the Court should sanction both Plaintiff and Plaintiff's counsel under the court's inherent powers and 28 U.S.C. §1927 respectively. Defendants lack the

factual basis to make this motion and deliberately avoided making a motion for sanctions under FRCP Rule 11 to avoid the safe harbor provision. The Court should therefore deny Defendants' motion for sanctions.

Dated: May 15, 2014      **LAW OFFICES OF DOUGLAS R. DOLLINGER**

By: /S/ _____
Douglas R. Dollinger (*pro hac vice*)
NY Bar No. 2354926
Law Offices of Douglas Dollinger
50 Main Street Suite 1100
White Plains, NY 10606
Telephone: 845-915-6800
Facsimile: 845-915-6801
E-mail: ddollingeresq@gmail.com
*Attorney for Plaintiffs*

*Plaintiffs' Response To Defendants' Motion For Sanctions Under 28 U.S.C § 1927 And The Court's Inherent Powers*

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the ECF system for filing and served the Counsel appearing for all parties to these proceedings.

/S/_____
Douglas R. Dollinger, Esq.
Pro Hoc Vice Bar No. NY 2354926
*Law Office of Douglas R. Dollinger, P.C.*
*& Associates*
50 Main Street-Suite 1000
White Plains, New York 10924
Telephone: (845) 915-6800
Facsimile: (845) 915-6801
E-mail: ddollingeresq@gmail.com
*Attorney for Plaintiffs*