James W. Morando, CA Bar No. 87896
Deepak Gupta, CA Bar No. 226991
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: 415.954.4457
Facsimile: 415.954.4480
Email:  jmorando@fbm.com
Email:  dgupta@fbm.com

Keiko L. Sugisaka, MN Bar No. 266152 (*Pro hac vice*)
Joseph P. Ceronsky, MN Bar No. 391059 (*Pro hac vice*)
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone: 612-672-8200
Facsimile: 612-672-8397
Email:  keiko.sugisaka@maslon.com
Email:  joseph.ceronsky@maslon.com

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE, II, TONY ABENA, CHRIS KARLS, JOHN E. FLEMING, AND MUSIC.ME, LLC**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***;<br><br>Jingit LLC, Jingit Holdings, LLC, Jingit Financial Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or | Case No:  4:13-CV-04280 (VC)<br>Hearing Date: June 5, 2014<br>Hearing Time: 1:30 p.m.<br>Place: San Francisco Courthouse<br>Courtroom: 4, 17th Floor<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS** |

employees of Jingit LLC, ***Defendants in Negligence, and Aiding/Abetting***;

Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary-Vicarious Infringement***,

Defendants.

## INTRODUCTION

Defendants stand on the record of bad faith of both Plaintiffs and their counsel established in Defendants' opening brief for sanctions (ECF 104). Plaintiffs' response, which misapprehends relevant case law and raises illogical and hypothetical arguments, does not change or justify their reckless, frivolous and bad faith misrepresentations to this Court. In fact, nowhere in Plaintiffs' response do they ever deny Mr. Fennelly's recent creation of the proposed plaintiff eoBuy Licensing Limited, or address the false representations that, since 2008, eoBuy Licensing Limited existed, had acquired the assets of original Plaintiff eoBuy, Limited, and had been doing business as "eoBuy" for the past six years. Plaintiffs present no reason why they stand beyond the reach of sanctions under either Section 1927 or this Court's inherent power.

## ARGUMENT

**I.    Defendants May Seek Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power.**

Plaintiffs suggest Defendants' sanctions motion should be denied because the only proper authority for sanctioning their conduct is Rule 11. There is no requirement, however, that a party bring a Rule 11 motion before, or instead of, a motion for sanctions under the other, well-established bases for sanctions—the Court's inherent power and 28 U.S.C. § 1927. To the contrary, as stated in Defendants' opening memorandum, "[t]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Nanak Found. Trust v. GMAC Mortg. LLC*,

No. C-12-5647 EMC, 2012 U.S. Dist. LEXIS 163676, at *9 (N.D. Cal. Nov. 15, 2012) (discussing availability of Rule 11, § 1927 and inherent powers to sanction) (quoting *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991)). Therefore, the fact that Defendants did not seek sanctions pursuant to Rule 11 does not preclude the Court's consideration of sanctions under its inherent power or Section 1927.

While not entirely clear, Plaintiffs seem to complain that they should have received the 21-day "safe harbor" afforded by a Rule 11 notice to cure their misconduct.  At the same time, however, Plaintiffs do not acknowledge that their filings were problematic in any way, and thus do not argue that they would have withdrawn their filings in response to a Rule 11 notice.  Defendants respectfully submit that addressing Plaintiffs' sanctionable conduct at the currently scheduled hearing is the most efficient and practical use of the Court and parties' resources because the very same misconduct by Plaintiffs underlying this sanctions motion is also squarely before the Court as part of Defendants' opposition to Plaintiffs' various motions to amend their Complaint.  Plaintiffs' wish for sanctions to be considered via Rule 11 appears to simply reflect their unsurprising desire to delay this Court's consideration of sanctions, but does not justify denial of Defendants' current Motion.

## II. Case Law Supports Sanctions for Plaintiffs and Their Counsel Under the Court's Inherent Power.

Plaintiffs' efforts to dismiss well-established case law setting forth the examples and types of litigation misconduct justifying sanctions is unavailing.  As an initial matter, Plaintiffs miss the mark on *Emma C. v. Eastin*, No. C-96-4179 TEH, 2001 U.S. Dist. LEXIS 16119 (N.D. Cal. Oct. 4, 2001), which confirmed that fabricating documentary evidence is a litigation abuse warranting sanctions under the Court's inherent power or Rule 11. Indeed, the instant case involves declarations containing falsification of evidence; that is, Plaintiffs have manufactured a proposed plaintiff through Mr. Fennelly's backdated corporate filings for "eoBuy Licensing Limited" in an attempt to

mislead this Court and parties that this entity existed in 2008 and possesses legal rights purportedly belonging to the originally named, but long-dissolved, Plaintiff eoBuy, Limited.

Perhaps unremarkably, Plaintiffs' arguments to distinguish other cases cited by Defendants contain their own misrepresentations. First, with respect to Defendants' reliance on *Mercury Serv. v. Allied Bank*, Plaintiffs claim that Defendants "deliberately failed to inform the Court in their brief that Mercury was not awarded sanctions under the court's inherent power or § 1927, but under Rule 11." (Pls.' Resp. to Defs.' Mot. for Sanctions, ECF 109, p. 5.) Plaintiffs' accusation is demonstrably false. The *Mercury Services* court explicitly stated that, "[p]ursuant to Rule 11 *and its inherent powers*, the Court finds that sanctions are appropriate…," *Mercury Serv. v. Allied Bank*, 117 F.R.D. 147, 159 (C.D. Cal. 1987) (emphasis added), and Defendants actually quoted this exact language in their sanctions brief. (Defs.' Mem. in Supp. of Mot. for Sanctions, ECF 104, p. 10). Nonetheless, not only did Plaintiffs misrepresent to the Court that sanctions were awarded solely under Rule 11 in that case, they accused Defendants of deliberately hiding this "fact" from the Court. The holding of *Mercury Services* is clear; the Court may, under its inherent power, impose sanctions on a party and attorney who file false or seriously misleading affidavits, as Plaintiffs did here.

Next, in their attempt to distinguish *Nanak Foundation Trust*, Plaintiffs state that "Mr. Fennelly did not omit any part of his filings with the Irish Registry which he submitted to the Court," but rather Mr. Fennelly's filings were "submitted in their entirety to the Court." (Pls.' Resp. to Defs.' Mot. for Sanctions, ECF 109, p. 4.) The falsity of these statements is easily established by the filings on record in this case. In support of Plaintiffs' motion for leave to amend the complaint to add "eoBuy Licensing Limited," Mr. Fennelly submitted a single document from the Irish Register, the "Combined Company Register of eoBuy Licensing Limited," (Ex. A to the Suppl. Decl. of Connor Fennelly, ECF 90-3), to purportedly establish that eoBuy Licensing Limited had incorporated in July 2008 and had been doing business as "eoBuy" since then. In response, Defendants submitted, *inter*

DEFS.' REPLY IN SUPPORT OF MOTION FOR SANCTIONS - Case No: 4:13-CV-04280 (VC)   - 4 -

*alia*, all five Irish Registry filings made by Mr. Fennelly on behalf of "eoBuy Licensing Limited." (*See* Exs. B, G, H, J & K to the Sec. Suppl. Decl. of Brian Walker, ECF 95-2, 95-7, 95-8, 95-10 & 95-11.) Far from submitting his Irish Registry filings "in their entirety" to the Court, Mr. Fennelly clearly attempted to mislead the Court by submitting a single document that did not show, as his other filings do, that Mr. Fennelly changed the name of a wholly unrelated taxi company to "eoBuy Licensing Limited" and backdated his filings to make it appear that "eoBuy Licensing Limited" existed in 2008, when the Irish Registry's record clearly shows that Mr. Fennelly made these filings in February 2014 during the pendency of Defendants' Motion to Dismiss the named Plaintiff, eoBuy, Limited. As explained fully in Defendants' opening brief for sanctions, Plaintiffs' conduct here is at least as egregious as that sanctioned under the Court's inherent power in past cases.

**III.     Case Law Supports Sanctions for Plaintiffs' Counsel Under 28 U.S.C. § 1927.**

Plaintiffs argue that the Court should not sanction their counsel under 28 U.S.C. § 1927 because he "does not maintain that the statements by Mr. Fennelly are false" and "[c]onsequently, Plaintiff's counsel has not made any statements to the Court knowing such statements were false." (Pls.' Resp. to Defs.' Mot. for Sanctions, ECF 109, p. 7.) Although counsel has indeed not admitted that he knew Mr. Fennelly's statements were false, counsel's "head in the sand" approach does not insulate him from the reach of Section 1927. Instead, "what is clear from our case law is that a finding that the attorney recklessly … misled the court is sufficient to impose sanctions under § 1927, … and a finding that the attorney[] recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927…." *Thomas v. Girardi*, 611 F.3d 1027, 1061 (9th Cir. Cal. 2010) (internal citations and emphasis omitted). Defendants' opening brief establishes that Plaintiffs' counsel recklessly misled the Court and raised frivolous arguments that multiplied these proceedings. (*See* Defs.' Mem. in Supp. of Mot. for Sanctions, ECF 104, Sec. III.) Plaintiffs' argument that their counsel did not do so *knowingly* is

insufficient to avoid sanctions under Section 1927.[1]

Finally, Plaintiffs' hypothetical, *post hoc* argument that Section 311 of the Irish Companies Act somehow permits their backdated filings also provides no relief from sanctions under 28 U.S.C. § 1927 and, in any event, is irrelevant to what actually transpired. Even assuming *arguendo* that Section 311 "allows companies dissolved as a result of being struck off the Register of Companies to be restored within a period of twenty years and the date of restoration relates back to the date of dissolution," (Pls.' Resp. to Defs.' Mot. for Sanctions, ECF 109, pp. 5-6), Plaintiffs' reliance on this statute is perplexing given the fact that its provisions have not actually been applied to the dissolved entity in this case—the original named Plaintiff eoBuy, Limited.  As admitted by Plaintiffs, eoBuy, Limited remains dissolved; Plaintiffs instead attempted to create an entirely new entity to replace eoBuy, Limited in this lawsuit. Indeed, Plaintiffs do not even argue that they ever acted pursuant to Section 311, instead only speculating that "Mr. Fennelly *could have* petitioned an Irish High Court for corporate reinstatement…." (Decl. of Douglas Dollinger in Supp. of Pls.' Mot for Enlargement of Time, ECF 107, ¶ 13) (emphasis added).  Plaintiffs imply that, because they allegedly "could have" petitioned an Irish court for reinstatement of the dissolved named Plaintiff, eoBuy, Limited, this Court should ignore the implications of *what they actually did*, which was to improperly create a new entity and attempt to add it as a plaintiff to this lawsuit.  Plaintiffs' argument that they allegedly "could have" reinstated the corporate status of Plaintiff eoBuy, Limited does not justify the reckless,

---

[1] In fact, this would not be the first time Mr. Dollinger has been sanctioned for making reckless and frivolous misrepresentations of fact and law to a court. *See, e.g., Divot Golf Corp. v. Citizens Bank*, No. 02-CV-10654-PBS, 2003 U.S. Dist. LEXIS 187, at *4 (D. Mass. Jan. 8, 2003) ("The Court holds that sanctions are appropriate, because plaintiffs' counsel Douglas R. Dollinger failed his Rule 11 duty to make a reasonable inquiry into the facts and law before filing the Amended Complaint, despite being put on notice by defendants of serious factual and legal deficiencies in the original Complaint."). While recklessness, frivolity and bad faith were not required for these Rule 11 sanctions against Mr. Dollinger, the court's comments indicate they were present; Dollinger's "misstatements [were] even more egregious … given that defendants had already shown them to be false." *Id.* at *7.

frivolous and bad faith actions they actually chose to undertake.[2]

## IV. Most Notably, Plaintiffs Do Not Deny That the Statements Made in Their Declarations Were False.

Defendants' opening brief specifically sets forth the demonstrably false and misleading representations made by Mr. Fennelly and Mr. Dollinger. Mr. Fennelly stated in his supplemental declaration that, in 2008, eoBuy, Limited's intellectual property and licenses were transferred to "the newly formed company eoBuy Licensing Limited" and that "eoBuy Licensing Limited has been doing business as eoBuy since August 2008…." (Suppl. Fennelly Decl., ECF 84-3 & 90-2, ¶¶ 3 & 5). Public records, however, show that these statements cannot possibly be true because eoBuy Licensing Limited did not exist until March 13, 2014. (Sec. Suppl. Walker Decl., ECF 95, ¶ 9.) Plaintiffs' counsel, Mr. Dollinger, stated in his declaration that "The fact remains that [in 2008] eoBuy's IP and licenses were … transferred back into the newly formed company eoBuy Licensing Limited, a company formed under the law of Ireland." (Decl. of Douglas Dollinger in Supp. of Sec. Mot. to Amend, ECF 89, p. 2.) Nowhere in the noise raised in Plaintiffs' opposition do Plaintiffs actually deny that these statements are false. Likewise, nowhere in Plaintiffs' opposition do Plaintiffs establish that such representations were in fact true, not misleading, or even made in good faith or after diligent inquiry. The reason for this is clear. In light of the public records showing otherwise, Plaintiffs' misrepresentations to the Court are indefensible and sanctionable.

## V. Defendants' Updated Fees and Costs Incurred in Investigating and Addressing Plaintiffs' Sanctionable Conduct.

Defendants' reasonable fees and costs incurred to bring this motion for sanctions is $14,709.54. (Suppl. Decl. of Keiko L. Sugisaka in Supp. of Defs.' Mot. for Sanctions, ¶¶ 3, 6.) As a result, Defendants have incurred a total of $46,719.15 in reasonable fees and costs to respond to

---

[2] Defendants do not concede that Plaintiffs could have had eoBuy, Limited restored to the Irish Register pursuant to Section 311 of the Irish Companies Act, but Defendants need not address the merits of that argument here because Plaintiffs did not actually attempt to do so.

Plaintiffs' multiple motions at issue (ECF 57, 84, 90 and 91) and prepare this motion for sanctions. (Suppl. Decl. of Keiko L. Sugisaka in Supp. of Defs.' Mot. for Sanctions, ¶ 7.) Defendants respectfully request that the Court sanction Plaintiffs and their counsel in the amount of $46,719.15 for Defendants' reasonable fees and costs incurred to investigate, address and respond to Plaintiffs' sanctionable conduct.

## CONCLUSION

For the foregoing reasons, moving Defendants respectfully ask this Court to impose sanctions on Plaintiffs and their counsel pursuant to the Court's inherent powers and § 1927.

Dated: May 22, 2014

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: /s/ Keiko L. Sugisaka
Keiko L. Sugisaka, MN Bar No. 266152
(*Pro hac vice*)

**ATTORNEYS FOR DEFENDANTS JINGIT LLC, JINGIT HOLDINGS, LLC, JINGIT FINANCIAL SERVICES, LLC, MUSIC.ME, LLC, TODD ROOKE, JOE ROGNESS, SAM ASHKAR, PHIL HAZEL, HOLLY OLIVER, SHANNON DAVIS, JUSTIN JAMES, CHRIS OHLSEN, DAN FRAWLEY, DAVE MOOREHOUSE II, TONY ABENA, CHRIS KARLS AND JOHN E. FLEMING**

#1041094