1

2 UNITED STATES DISTRICT COURT

3 NORTHERN DISTRICT OF CALIFORNIA

4

5 INDIEZONE, INC., et al.,

Plaintiffs,          Case No.  13-cv-04280-VC

6

7 v.          **ORDER GRANTING MOTIONS TO COMPEL, STAY, DISMISS; DENYING MOTIONS TO AMEND**

8 TODD ROOKE, et al.,

9 Defendants.          Re: Docket Nos. 29, 35, 57, 76, 84, 90

10

11    Plaintiffs Indiezone and eoBuy Limited allege that Defendants Todd Rooke and Joe

12 Rogness, former employees of Indiezone, stole Indiezone's and eoBuy Limited's intellectual

13 property and misused it in the operation of their new company, Jingit, LLC.  In addition to suing

14 Rooke, Rogness, and Jingit (in all its corporate forms) for this conduct, the plaintiffs have

15 included as defendants numerous Jingit employees, Target, Wal-Mart, General Electric, and US

16 Bank, alleging a conspiracy to steal and misuse the intellectual property in violation of the

17 Racketeer Influenced and Corrupt Organizations Act.   The parties have brought numerous

18 motions, each of which is addressed below.

19    <u>Motion to Dismiss eoBuy Limited as a Plaintiff</u>

20    The defendants' motion to dismiss eoBuy Limited as a plaintiff is granted.   As the

21 defendants discovered and detailed in the initial declaration of Brian Walker (Docket No. 30), and

22 as the plaintiffs now concede, eoBuy Limited was an Irish company that is now defunct, having

23 been removed from the Irish Register of Companies on April 4, 2008.

24    <u>Motion to Add eoBuy Ventures Limited as a Plaintiff</u>

25    In response to this revelation, Indiezone filed a motion to amend or correct the complaint

26 to add a new plaintiff, eoBuy Ventures Limited.  This motion is denied, because as demonstrated

27 by the supplemental declaration of Brian Walker (Docket No. 61), and as the plaintiffs now

28 concede, eoBuy Ventures Limited also does not exist.

<div style="writing-mode: vertical">United States District Court<br>Northern District of California</div>

United States District Court
Northern District of California

1    Motion to Add eoBuy Licensing Limited as a Plaintiff

2          Upon the defendants' discovery that eoBuy Ventures Limited also does not exist, the

3    plaintiffs filed another motion seeking to add yet another plaintiff, eoBuy Licensing Limited.  This

4    motion is denied as well.  The plaintiffs contend, in their motion papers and in a declaration filed

5    by Conor Fennelly (the alleged CEO of Indiezone and the eoBuy entities), that prior to dissolution,

6    the former eoBuy Limited transferred its intellectual property rights to a holding company, which

7    in turn transferred the rights to eoBuy Licensing Limited.  The plaintiffs represent that this

8    occurred in 2008, and that since that time, eoBuy Licensing Limited has been doing business as

9    eoBuy and holding the intellectual property that is the subject of this dispute.  However, as the

10   second supplemental declaration of Brian Walker shows (Docket No. 95), eoBuy Licensing

11   Limited was not established until early 2014, when Fennelly caused the name of an existing-but-

12   inactive taxi company to be changed to eoBuy Licensing Limited.  From 2008 through 2013, the

13   taxi company operated under the name Laraghcon Chauffeur Drive Limited and had two directors,

14   Ciaran Byrne and Michael Byrne, and one secretary, Teresa Byrne.  Each year, the company

15   submitted annual returns under the name Laraghcon Chauffeur Drive Limited, signed by Ciaran

16   Byrne and Teresa Byrne, but otherwise conducted no business.

17         At the June 5, 2014 hearing, counsel for plaintiffs represented that the taxi company and

18   eoBuy Licensing Limited were one and the same, and Fennelly simply forgot to change the

19   corporate name.  This explanation is implausible.  The far more plausible explanation is that

20   Fennelly was attempting to create a sham plaintiff for the purpose of evading an arbitration

21   provision by which the other plaintiff, Indiezone, is bound.  After all, Fennelly created eoBuy

22   Licensing Limited only upon the revelation that the other company he was trying to use as a

23   plaintiff, eoBuy Limited, did not exist.  At this stage, given the number of chances the plaintiffs

24   have had to amend the complaint, and given what they have chosen to do with those chances, it

25   has become apparent that amending the complaint to add a plaintiff would be futile and

26   immediately subject to dismissal.  *See Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)

27   Motion to Compel Arbitration

28         The defendants move to compel arbitration of the dispute between Indiezone and

2

defendants Rooke and Rogness, based on the arbitration provision in their employment agreement. The plaintiffs' primary argument in response is that their lawsuit includes claims for equitable relief (in addition to their claim for $1.32 billion in damages) and that the arbitration provision reserves resolution of equitable claims exclusively to the courts.  However, the arbitration provision in the employment agreement is materially indistinguishable from the provision at issue in *Comedy Club, Inc. v. Improv W. Assoc.*, 553 F.3d 1277, 1285 (9th Cir. 2009).  There, the Ninth Circuit applied California contract law to conclude that the provision was ambiguous about whether an arbitrator could decide equitable claims brought alongside claims for damages, and held that in such a case the federal presumption in favor of arbitration requires that it be compelled.  *Id.* at 1285-86; *see also McKesson Corp. v. Health Robotics, S.R.L.*, 2011 WL 3157044, at *8-9 (N.D. Cal. July 26, 2011).

The plaintiffs also contend the arbitration provision does not apply because the employment agreement merely references a separate agreement about the confidentiality of intellectual property, rather than setting forth terms regarding intellectual property in the same document.  Because that separate agreement does not itself contain an arbitration provision, the plaintiffs argue, any breach of that agreement is not subject to arbitration.  However, the law contemplates that an arbitration provision from one agreement can be incorporated into another agreement.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 723 (9th Cir. 1999) (finding an arbitration provision materially similar to the one here "reaches every dispute between the parties having a significant relationship to the contract," including a dispute arising under a contract that does not contain an arbitration provision but is incorporated by a separate contract that does). There is no reason to believe that the parties in this case did not intend for disputes about the confidentiality agreement, which is incorporated into the employment agreement, to be subject to arbitration just like any other dispute arising out of the employment relationship.

Finally, the plaintiffs argue that the arbitration provision does not apply to conduct by Rooke and Rogness after they were no longer employed by Indiezone.  But the plaintiffs provide no authority for the proposition – and the Court is aware of none – that an agreement to arbitrate terminates at the end of an employment relationship.  It is common for disputes to arise between

companies and their former employees that stem from the employment relationship, and without limiting language in the arbitration provision itself, it would make little sense to presume the parties intended for those disputes to be litigated in the courts. *See, e.g., Nacio Sys. v. Gottlieb*, 2007 WL 3171271, at *9 (N.D. Cal. Oct. 26, 2007) (holding that "any claims arising out of or relating to the employment relationship . . . are still required to be arbitrated, per the arbitration clause in the employment agreement," even though the defendants were no longer employees).

Accordingly, the motion to compel arbitration of Indiezone's claims against Rooke and Rogness is granted.

<u>Motion to Stay the Litigation Pending Arbitration</u>

Indiezone's claims against the remaining defendants all depend on whether Rooke and Rogness stole Indiezone's intellectual property – an issue to be decided in arbitration. Accordingly, judicial economy, efficiency, and the potential for inconsistent findings all weigh in favor of staying the case against the remaining defendants. *See* 9 U.S.C. § 3; *Swift v. Zynga Game Network, Inc.*, 805 F.Supp.2d 904, 917 (N.D. Cal. 2011). The only exception is the defendants' pending motion for sanctions based on the plaintiffs' apparent attempt to add a sham plaintiff for the purpose of avoiding arbitration. With the exception of the proceedings relating to that motion, *see* Docket No. 104, the action is stayed pending resolution of the arbitration involving Indiezone, Rooke, and Rogness.

**IT IS SO ORDERED.**

Dated: June 17, 2014

_____

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

4