1  Douglas R. Dollinger, Esq., NY Bar No. 2354926
   Appearing *Pro Hac Vice*
2  50 Main Street-Suite 1000
   White Plains, New York 10606
3  Tel:    845.915.6800
4  Fax:.   845.915.6801
   e-mail: ddollingeresq@gmail.com
5  Attorney for Plaintiffs

6  Seth D. Heyman, Esq., CA Bar No. 194120
   2600 Michelson Drive, Suite 900
7  Irvine, CA 92612
8  Tel: 855-439-6628
   Fax: 855-207-3967  San Francisco
9  Email: sdh@heymanlegal.com
   Attorney for Plaintiffs

10                    **UNITED STATES DISTRICT COURT**
11                    **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN FRANCISCO DIVISION**
12

13  Indiezone, Inc.,   a   Delaware   corporation,   and  )  **Case No. CV13-04280 VC**
    EoBuy, Limited an Irish private limited company,       )
14                                                         )
                            *Plaintiffs,*                  )
15                    vs.                                  )
                                                           )
16  Todd Rooke,  Joe Rogness,  Phil Hazel,   Sam Ashkar, )
    Holly Oliver and U.S. Bank, collectively the *RICO Defendants*; )
17  Jingit LLC., Jingit Holdings LLC., Jingit Financial Services LLC., )
18  Music. Me, LLC., Tony Abena,  John E. Fleming,  Dan Frawley, )
    Dave Moorehouse II,  Chris Ohlsen,  Justin James, )
19  Shannon Davis, Chris Karls in their capacities  as officers, )
    agents and/or  employees of  the Jingit LLC., )
20                                                         )
21  *Defendants in Negligence, and Aiding/Abetting,*      )
                                                           )
22  Wal-Mart, General Electric, Target,  DOE(s) and  ROE(s) 1 )
    through  10,  *Defendants in  Negligence  Secondary* )
23  *-Vicarious Infringement,*                            )
                            *Defendants.*                  )
24                                                         )

25

26  **MEMORANDUM OF LAW IN SUPPORT OF COUNSEL FOR  PLAINTIFF eoBUY**
27  **LICENSING LTD. AND PLAINTIFF'S REQUESTS FOR RECUSAL OF JUDGE VINCENT**
    **CHHABRIA AND FOR REASSIGNEMENT OF THE CASE PURSUANT TO 28 U.S.C. § 455**
28

**Motion for Recusal and Reassignment**

1

### INTRODUCTION

2   Plaintiff eoBuy Licensing Ltd.,[1] and Plaintiff's Counsel respectfully move this Court

3   requesting that your honor as presiding Judge in this matter recuse himself from any further

4   involvement in this case. Plaintiff and Counsel also ask that the case be directed to the

5   Administrative Judge for reassignment so as to have the new presiding judge hear renewed

6   motions for errors in law on facts which have become evident, occasioned by a deep-seated

7   favoritism engaging in conduct so antagonistic that has objectively made a fair judgment

8   by the Court an impossibility.

9   The dominating issue on the matter of recusal in this case is whether your Honor has,

10   by his actions when viewed objectively, ignored proof and denied Plaintiffs access to proof so

11   as to present it to the Court in opposition to accusations of bad faith. By denying Plaintiffs

12   access to those e-mails the Court has acted in manner reflecting a deep-seated favoritism.

13   The Court's antagonist approach and continued favoritism has disrupting the formal

14   attorney client relationship at a stage of the proceeding for no compelling reason.

15   Incredibly,  the Court has refused to allow the record to be developed ignoring the claims of

16   sabotage and constructively becoming the advocate for Defendants who are as alleged in the

17   Complaint, acting in a criminal manner wrongfully in possession of Plaintiffs' property and

18   the means necessary to defend themselves for the claims of bad faith. **[DE 1.]**

19

### BACKGROUND

20   In general, the underlying claims presented in this cause of action involve a

21   challenge to the illegal use of intellectual property which by written agreement is the

22   **exclusive property** of the California based tech companies Plaintiffs' eoBuy Licensing

23   Ltd., and Indiezone.[2]

24   ───────────────

[1]   Plaintiff's reference to eoBuy means and is intended to mean Eobuy Licensing Ltd. formerly

25   Laraghcon Chauffeur Drive Limited ("Laraghcon").

26   [2] Despite the express language of the ownership assignment executed by Defendants Todd Rooke
("Rooke") and Joe Rogness ("Rogness"), former IndieZone work for hire employees for the Plaintiffs,

27   where they agreed and expressly provided that the Plaintiffs' IP would be exclusively eoBuy's and
Indiezone's, where all documents would be returned to the company upon their departure, the Court has

28   already exhibited a dim view of the RICO claims including the theft of over 20,000 e-mails belonging to

**Motion for Recusal and Reassignment**

1    The allegations claim[3] that by reason of ***organized criminal activity*** involving
2    specified unlawful activities pursuant to 18 U.S.C. §1961. Defendants are illegally in
3    possession of Plaintiffs' property.  Plaintiffs have been damaged in their business and
4    property for a sum in excess of $1,300,000,000. The loss in jobs and income to the state of
5    California and its citizens will be exponential and in excess of $20,000,000,000 annually.

### PROCEDURAL HISTORY

7    On June 6, 2014, in response to Defendants' Rules12(b)(6) and 17(b)[4] motions,  your
8    Honor heard oral argument on pending Motions for standing and compelling arbitration.
9    On July 17, 2014, the Court granted dismissal of the named Plaintiff eoBuy Ltd., denied the
10   amendment to include eoBuy Ventures Ltd. and denied the request to correct the complaint
11   to  include eoBuy Licensing Ltd. **[DE 117.]**  The Court then ordered a hearing for sanctions
12   pursuant to 18 USC §1927, claiming that Plaintiff eoBuy and its Counsel have acted
13   improperly by presenting eoBuy Licensing Ltd. as the entity with capacity and standing to
14   sue.

### ARGUMENT
### DISQUALIFICATION IS REQUIRED BECAUSE JUDGE'S CHHABRIA'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED

18   For the reasons that follow, Plaintiff eoBuy and its counsel respectfully claim that
19   the impartiality of the Court "might reasonably be questioned"  in that the Court's recent
20   conduct goes far beyond favoritism and presents clear evidence of antagonist conduct
21   towards Plaintiff eoBuy and its Counsel.

---

plaintiffs and, despite not having a single denial of the allegations to measure against those claims, it is apparent that the Court has ignoreD the Congressional intent of the RICO statute and prejudged the action to the point where there is evidence suggesting a complete lack of impartiality and actual bias.**[DE32-2 at pg. 3¶7.]**

[3] **DE. 1**

[4] Notwithstanding any other provision of the law, Rule 17(b)'s application to the facts in this case allows for the very circumstances as exists both standing  as an unincorporated or de facto corporation and capacity exists.

**Motion for Recusal and Reassignment**

1   Section 455(a) requires a judge to "disqualify himself in any proceeding in which
2   his impartiality might reasonably be questioned." 28 U.S.C.§455(a). "The goal of section
3   455(a) is to avoid even the **appearance of partiality**," *Liljeberg v. Health Services*
4   *Acquisition Corp.*, 486 U.S. 847, 860 (1988) (quotation marks omitted), and thus "what
5   matters is not the reality of bias or prejudice **but its appearance**," *Liteky v. United*
6   *States*, 510 U.S. 540, 548 (1994). [Emphasis added.]

7   In other words, so long as a judge's impartiality might reasonably be questioned,
8   recusal is required "even though no actual partiality exists ...." *Liljeberg*, 486 U.S. at
9   860 (quotation marks omitted).

10   The standard for assessing whether section 455(a) requires disqualification is thus
11   "an objective one" that "involves ascertaining whether a reasonable person with
12   knowledge of all the facts would conclude that the judge's impartiality might reasonably
13   be questioned." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (quotation
14   marks omitted).

15   And, because of its "fact-driven" nature, analysis "must be guided, not by
16   comparison to similar situations addressed by prior jurisprudence, but rather by an
17   independent examination of the unique facts and circumstances of the particular claim at
18   issue." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation marks
19   omitted).

20   The test for disqualification is whether an average, reasonable person knowing all the
21   circumstances would harbor doubts about the judge's impartiality. *Milgard Tempering, Inc.*
22   *v. Selas Corp. of America*, 902 F.2d 703, 714 (9th Cir. 1990). "[T]he appearance of
23   partiality is as dangerous as the fact of it." *Conforte*, 624 F.2d at 881. "...a judge is under
24   an affirmative, self-enforcing obligation to recuse himself *sua sponte* whenever the proper
25   grounds exist." *US. v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

26   In performing this analysis, the Court "must bear in mind that ... outside
27   observers are less inclined to credit judges' impartiality and mental discipline than the
28   judiciary itself will be," and in "a close case, the balance tips in favor of recusal." *Id.* at

Page4

**Motion for Recusal and Reassignment**

1   912, 914 (quotation marks omitted). The facts of this case would plainly lead a

2   reasonable person to conclude that the Court's impartiality might reasonably be

3   questioned where the Court advocates for the Defendants and, then actually encourages

4   to increase the cost of the litigation in presenting evidence.

5   Putting aside the Court's rulings on the initial motions filed prior to the June 6,

6   2014 hearing, in recognition of the fact that our Supreme Court holds that judicial

7   rulings and the opinions formed by judges on the basis of **non-hearsay facts**[5] introduced

8   in the course of proceedings "almost never constitute a valid basis for a bias or partiality

9   motion ... **there is the exception** ["rare circumstances"] when in the face of a deep-

10  seated favoritism or antagonism that [it] would make fair judgment impossible." *Liteky,*

11  *510 U.S. at 555; see also Holland,* 501 F.3d at 1124.[6]

12  In this case Plaintiff has made a specific showing of "rare circumstances,"

13  *Holland,* 501 F.3d at 1124 n.4, as evidenced by "deep-seated favoritism or antagonism.

14  *Liteky,* 510 U.S. at 555. Proof exists in recasting to its own unreported standard for

15  review the Plaintiff's Order to Show Cause without opposition on the core issue

16  presented the return of 20,000 e-mails belonging to Plaintiffs so as to prove the claims of

17  bad faith.

18  Incredibly, although the Court was told of the proof of the existence of Amdex

19  Pte., the Court sua sponte denied Plaintiff eoBuy and their Counsel's request without a

20  cogent reason for its actions.   The Court's knee jerk reaction, summarily denying

21  Plaintiff's access to its own property has caused needless hostility between the Court,

22

23

---

24  [5] This case is far worse, the Court has credited the most basic hearsay as can be presented and
    dismissed claims of a putative Plaintiff based on admitted misunderstanding of facts and the failure of
25  Defendants to conduct any due diligence on the validity of Amdex Pte.

    [6] Plaintiff eoBuy claims the motions for lack of standing were based on the feigned presentation of
26  wholly insufficient legal theories, withheld evidence[6], and nothing more than hearsay statements and,
    most importantly, the Court has ignored the standard of review mandated by the Federal Rules of
27  Evidence Rule, 704 and Procedural Rules 12(b)(1) & (6) as well as ignoring the liberal standard to be
28  applied under Rule 17(b).

**Motion for Recusal and Reassignment**

1  Plaintiffs and its Counsel, leaving Plaintiff eoBuy or their Counsel without an
2  independent means to contest the nature of the sanctions and the claimed bad faith.

3      And, although not relevant to the analysis of the Court's subsequent favoritism and
4  antagonistic conduct, Plaintiff and their Counsel claim the proper disposition of the June 6,
5  2014 motions required the Court to accept Plaintiff's explanation and reject Barrister
6  Walker's statements as both hearsay and conjecture. [7]

7      Until such time as a hearing could be held on the issue of standing based on disputed
8  facts [even accepting the hearsay nature of them], dismissal of the Plaintiff eoBuy was
9  improper.

10     What's more, hold a hearing which requires proof of the very same issues is clear
11 proof that there was and is a lack of neutrality and judicial temperance considering the
12 disadvantage to Plaintiff and its Counsel not having access to matters occurring in
13 Singapore in 2007 and 2008, as well as the 20,000 missing emails.

14     Why not simply order the production of the documents?  The failure to do so as
15 applied under the objective standard displays such a high degree of preference so as to reach
16 far beyond an appearance of impropriety to actual favoritism, displaying genuine
17 antagonism, especially where the matter is being heard by the very bench who will rule on
18 the evidence.

19      It cannot be overlooked the fact that this is a non-jury matter, and that your Honor
20 will be deciding each and every substantive issue at the hearing.  The favorable conduct,
21 denying access to the 20,000 e-mails, is all telling of the outcome.  What evidence will
22 Plaintiff have in light of the Defendants having to  come forward to even deny the existence
23 that they have the e-mails and have withheld them from Plaintiffs.

24     And, "[w]hen the judge is the actual trier of fact, the need to preserve the appearance
25 of impartiality is especially pronounced. " *Mangini v United States of America, Department*
26 *of the Interior, National Park Service*, Defendant 314 F.3d 1158 (9th Circuit) ; *Alexander v.*

27
28 [7] Defendants move for dismissal of eoBuy pursuant to Rule 12(b)(6) where the Court should have
   rejected the declaration of Barrister Walker as hearsay under the standards of the Rule.

**Motion for Recusal and Reassignment**

1  *Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3rd Cir.1993) (noting special concerns about
2  bench trials in considering judicial disqualification).

3      Our Supreme Court has noted the importance of "*ensur[ing] that our deliberations*
4  *will have the benefit of adversary presentation and full development of the relevant facts.*"
5  *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 542 (1986). [Emphasis added.]

6      Here, your Honor has recast the Order to Show Cause to a role not found in the law,
7  giving the matter no room for deliberations which is precisely the situation for which 28
8  U.S.C. § 455(a) was promulgated.

9      This is true for the reason that the factual claims set forth in the declaration of Mr.
10 Fennelly were entirely consistent with his actions especially where no due diligence was
11 offered to contradict his claims.

12      The entire theory adopted by the Court, except for the Court's admitted
13 misunderstanding as to the status of Amdex Pte., as it improperly perceived it to be a non-
14 existing entity, a fairly significant fact considering the legal analysis which would control
15 the issue of standing, lacks a single reason to have occurred where Plaintiff eoBuy could
16 simply have paid a fee and been restored to active status or presented itself in the name of
17 Amdex Pte. or even Laraghcon Chauffeur Drive Limited ("Laraghcon"), or simply amended
18 the complaint and taken cover under the status as an unincorporated or de facto corporation
19 under Fed Rule 17(b).

20      Plaintiff and Counsel claims proof of the Court's favoritism in not affording them access
21 to their own property [20,000 e-mails] is evident in all respects,  establishing a lack of
22 objectivity in the conclusion reached and displaying a complete lack of impartiality owing to
23 judicial bias and, as intended, is to be antagonist to Plaintiff eoBuy and its Counsel.

24      How will Counsel proceed in arbitration and represent Plaintiff Indiezone with the
25 execution of a decision which was premeditated by a clear lack of experience resulting in
26 favoritism.

27      Most disturbing, the Court has expressed views on the veracity of Connor Fennelly
28 and made completely unfounded and otherwise biased statements, finding facts and

**Motion for Recusal and Reassignment**

1    involvement of Plaintiffs' counsel, Douglas R. Dollinger and offering a baseless ruling that

2    Attorney Dollinger assisted/directed/participated Mr. Fennelly, who clearly did nothing

3    wrong, in creating a sham corporation for the purposes of standing where the Court must

4    now save face and not back down from its lack of judicial experience.

5       Incredibly, and even more persuasive of the outright bias and prejudicial conduct

6    involving outright favoritism by the Court, was that upon inquiry by your Honor directed to

7    Defense Counsel, Defense Counsel actually admitted that they had not conducted the due

8    diligence to determine whether Amdex Pte. was or was not an entity which was the holder

9    of the assets for eoBuy. Plaintiffs claim it was an active entity and supported their claims.

10    Instead of weighing its place alongside Plaintiffs' claims the Court engaged in out of hand

11    dismissal of its existence despite the Declarations it had before it.

12       The order for a hearing to determine the issue of sanctions by itself was designed to

13    ignore the attorney client relationship so as to trigger injury between Counsel and Plaintiff

14    eoBuy by eliminating Counsel's ability to work effectively with his clients. Consistent with the

15    claim and unmistakably clear is that the need for a hearing at this stage of the proceeding is

16    simply an act of favoritism intending to assist Defendants in the upcoming arbitration.

17       It is interesting to note not only was the remaining proceeding stayed by the Court,

18    but the Court actually invited Defense Counsel to increase the cost to Plaintiff eoBuy and

19    his Counsel by openly having Barrister Walker appear at a sanctions hearing fully knowing

20    that a video-telephonic appearance would have saved money, time and provided the same

21    judicial efficiency as a physical in person hearing would have had.

22       There can be little doubt that if Defendants do not fully establish that Plaintiff eoBuy

23    or its Counsel were acting in bad faith, unreasonably or in a vexsioux manner, despite the

24    lack of proof, the Court will be forced to tip its hand in favor of the Defendants having the

25    need to justify such an unsound approach to conducting a hearing needlessly and increasing

26    its cost by its attitude and abandonment of the standards required of it.

27       Under current case law, the totality of these circumstances supports recusal. *Liteky v.*

28    *United States,* 510 U.S. 540, 546 (1994), reviewed the meaning of 28 U.S.C. § 455,

**Motion for Recusal and Reassignment**

1    especially in view of the "massive changes" made in 1974. "[W]hat matters is not the reality

2    of bias or prejudice but its appearance.  Quite simply and quite universally, recusal [i]s

3    required whenever 'impartiality might reasonably be questioned.'" 510 U.S. at 548.

4        Moreover, subsection (a) of § 455 "covers all aspects of partiality." 510 U.S. at 553,

5    n. 2. Justice Kennedy's concurrence in *Liteky* also made the point that recusal is mandatory

6    in cases involving these types of claims:

7        [T]he central inquiry under § 455(a) is the appearance of

8        partiality, not its place of origin... Disqualification is required

9        if an objective observer would entertain reasonable questions

10       about the judge's impartiality.  If a **judge's attitude or state of**

11       **mind** leads a detached observer to conclude that a fair and

12       impartial hearing is unlikely, the judge must be disqualified.

13       Indeed, in such circumstances, I should think that **any judge**

14       **who understands the judicial office and oath** would be the

15       first to insist that another judge hear the case... and Section

16       455(a) . . . addresses the appearance of partiality, guaranteeing

17       not only that a partisan judge will not sit, but also that no

18       reasonable person will have that suspicion.

19

20                 **CONCLUSION**

21        For the foregoing reasons, he your Honor should recuse himself from any

22    involvement in this matter.

23    Dated: August 4, 2014

24             **LAW OFFICES OF DOUGLAS R. DOLLINGER**

25

26             /S/ _____

27             Douglas R. Dollinger, Esq., NY Bar No. 2354926
               Appearing *Pro Hac Vice*

28             50 Main Street-Suite 1000

**Motion for Recusal and Reassignment**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White Plains, New York 10606
Tel:    845.915.6800
Fax:.   845.915.6801
e-mail: ddollingeresq@gmail.com
Attorney for Plaintiff


/S/
Seth D. Heyman, Esq., CA Bar No. 194120
2600 Michelson Drive, Suite 900
Irvine, CA 92612
Tel:  855-439-6628
Fax: 855-207-3967
Email: sdh@heymanlegal.com
Attorney for Plaintiff

**Motion for Recusal and Reassignment**