Douglas R. Dollinger, Esq., NY Bar No. 2354926
Appearing *Pro Hac Vice*
50 Main Street-Suite 1000
White Plains, New York 10606
Tel:   845.915.6800
Fax:   845.915.6801
E-mail: ddollingeresq@gmail.com
Attorney for Plaintiffs

Seth D. Heyman, Esq., CA Bar No. 194120
2600 Michelson Drive, Suite 900
Irvine, CA 92612
Tel: 855-439-6628
Fax: 855-207-3967
E-mail: sdh@heymanlegal.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Indiezone, Inc., a Delaware corporation, and EoBuy, Limited an Irish private limited company,<br><br>       *Plaintiffs*,<br><br>    vs.<br><br>Todd Rooke, Joe Rogness, Phil Hazel, Sam Ashkar, Holly Oliver and U.S. Bank, collectively the ***RICO Defendants***; Jingit LLC., Jingit Holdings LLC., Jingit Financial, Services LLC., Music.Me, LLC., Tony Abena, John E. Fleming, Dan Frawley, Dave Moorehouse II, Chris Ohlsen, Justin James, Shannon Davis, Chris Karls in their capacities as officers, agents and/or employees of the Jingit LLC., ***Defendants in Negligence, and Aiding/Abetting;***<br><br>Wal-Mart, General Electric, Target, DOE(s) and ROE(s) 1 through 10, ***Defendants in Negligence Secondary -Vicarious Infringement,***<br><br>       *Defendants*. | **Case No. CV13-04280 VC**<br><br>**Declaration of Conor Fennelly In Support of Reconsideration** |

  Conor Fennelly, declaring on this 14th day of October 2014 under the penalties of perjury.

  I make this declaration in support of the Reply for Reconsideration of the matter before the Court having read each of the filed Declarations in this matter including those

1 initially filed in this matter and those for reconsideration of the sanctions imposed by the
2 Court.
3     I understand that the Court has made a finding of fraud as against me and Attorney
4 Dollinger in the use of eoBuy Licensing Ltd. as a shame Plaintiff by reason of its filings
5 with the Irish Corporations Registration Office ("CRO") based on the testimony of Barrister
6 Brian Walker.
7     On or about September 10, 2014, I provided Attorney Dollinger the November 15, 2007
8 Transfer Agreements of eoBuy Limited's intellectual property **("IP")** among eoBuy Limited to
9 Amdex Pte. and then to eoBuy Licensing Ltd f/k/a Laraghcon Chauffeur Drive Limited
10 ("Laraghcon") dated August 15, 2008 (collectively "Agreements".) **[DE 149-2 and 3.]**
11     The Company Laraghcon was formed by Private Research Limited in July 2008. All
12 of the documents pertaining to the company and its registration were taken care of by them.
13 I provided the name change eoBuy Ventures Ltd.
14     These Agreements are the same documents which are among the e-mails stored on
15 the server where the server has been disabled by the Defendants Rooke and Rogness prior to
16 and in preparation of their theft of the **IP.** I was unable to obtain copies of the Agreements
17 sooner than September 10, 2014, due to both traveling and religious observance by several
18 individuals who were attempting to locate the file containing the documents from storage
19 units overseas.
20     Once obtained the documents were provided for the purpose of having the notary
21 stamped placed on them in July 2014, attesting to their creation in 2008. Although they
22 were recovered and notarized they were unable to be delivered to me any sooner than as
23 provided to Mr. Dollinger by reason of the foregoing.
24     By those Agreements the assets of Eobuy Limited were assigned to Amdex, Pte
25 ("Amdex") a temporary holding company in 2007 and in 2008, into a company which I
26 believed had its name changed to eoBuy Venture Ltd.
27     Amdex is not a wholly owned subsidiary of eoBuy Limited and I have never made
28 this claim. For a brief period there was a proposal between the eoBuy Limited shareholders

and Amdex shareholders to take the **IP** into the Asian markets but due to lack of funding commitments the idea was abandoned.  Several months later for the **IP** was transferred into the newly formed company eoBuy Ventures Limited f/k/a Laraghcon.

When I first discussed the eoBuy Limited shareholders' claims with Mr. Dollinger in 2013 I did not advise him that eoBuy Limited was struck off the rolls of the CRO for the reason that I was unaware of the fact until Barrister Walker provided the information in 2014.

Mr. Dollinger advised me of Barrister Walker's findings. I told Mr. Dollinger what was done in 2007 and 2008 relative to the Transfer Agreement concerning the eoBuy **IP** and the shareholders transactions being contemplated at the time.

Once Mr. Dollinger advised me of the problem I attempted to contact Private Research Limited and found that they were no longer in business. In their place was a new company-Company Setup.

After numerous attempts to find out what happened to eoBuy Ventures Ltd. Company Setup was able to determine that Private Research Limited never changed the name of the company from Laraghcon to eoBuy Ventures Ltd. but that they had been filing regular returns with the former shareholders being represented on the paperwork.

After establishing that Laraghcon was my company-Company Setup agreed to correct the filings. I provided Company Setup the name eoBuy Ventures Ltd. in February 2014 and they proceeded to correct the filings.  I advised Mr. Dollinger of the matter and he advised me to correct the name to reflect the Transfer Agreements.

Thereafter, in February-March 2014, I was advised by Company Setup that the name eoBuy Ventures Ltd. was rejected by the CRO.

During this period I was requested to file documents which contained dates reflected corrections to the filings previously made to the CRO.  These documents including the Corporate resolution dated July 15, 2008 changing the name of the company from Laraghcon to eoBuy Licensing Ltd. I was advised that this was an internal corporate record keeping matter which had the effect of correcting the original resolution.

1    I understood that the filing with the CRO would be effective March 2014. In fact each document–statutory form that accompanied the name change request had the year 2013 on its face and other than the resolution all filings having my signature are dated for the year 2014. I was told, assumed and would agree that anyone looking at the documents which indicated the year 2013-2014 would understand that the document was filed in relation to the amended articles of incorporation.  [DE 149-4-7.]

I cannot actually recall what happened back in 2008 but I do recall I was advised by Private Research that the name eoBuy Ventures Ltd. had a problem and that they were advised by the CRO that we could not use it back then.

Private research was waiting for a new name to be presented to them and I am uncertain whether or why I did or did not get back to them.

I was advised to select another name by Company Setup and I chose eoBuy Licensing Ltd.  I did not first advise Mr. Dollinger of the matter and completed the paperwork as was provided to me by Company Setup.

Several days later Mr. Dollinger contacted me advising me of the findings of Barrister Walker.

I Conor Fennelly under the penalty of perjury under the laws of the United States declare the foregoing to be true to the best of my knowledge.

October 14, 2014

Conor Fennelly